First National Bank of Woodlawn, Illinois, Appellant, v. John W. Watkins et al., Appellees.

Opinion filed June 6, 1938.

GILBERT & GILBERT, of Mt. Vernon, for appellant.

SMITH & MURRAY, of Centralia, for appellees.

MR. PRESIDING JUSTICE STONE delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Jefferson county denying recovery on a contract given by Farmers State Bank of Woodlawn, Illinois, to the First National Bank of Woodlawn, Illinois, plaintiff appellant, as guaranteed by an attached guaranty signed by defendants appellees.

On October 4, 1930, the Farmers State Bank, being in failing circumstances, entered a contract with the First National Bank by which the State Bank agreed to transfer all of its assets to the National Bank and the National Bank assumed all deposit and other liabilities (except stockholders' liability) of the State Bank. The State Bank agreed to save the National Bank from all losses upon condition that the National Bank would accept and take over the property and assets of the State Bank and proceed to liquidate them without delay, and the State Bank agreed to pay seven per cent interest upon advances made by the National Bank.

The appellees, being stockholders in and directors of the State Bank, on the same date guaranteed faithful performance of the contract by the State Bank and agreed to pay any deficiency in the liability account of the State Bank with the National Bank.

It appears that the assets were never transferred but that John W. Watkins began to liquidate the assets for the banks, and that subsequently a creditor of the

bank instituted a receivership in the circuit court. This was a double receivership, to liquidate the assets and to collect stockholders' liability. After the institution of the present suit the National Bank filed its petition in the receivership alleging that it was a creditor of the State Bank to the extent that it advanced money under the contract of liquidation. The circuit court in the receivership allowed the claim of the National Bank, held that the contract was valid, and ordered a sale of the remaining assets. In the receivership suit the appellees with other stockholders were parties. Long after the decree in the receivership allowing the National Bank's claim had been entered certain stockholders attacked this decree by a motion to intervene in the stockholders' liability receivership suit. The Supreme Court of Illinois in the case of *Groves v. Farmers State Bank of Woodlawn,* 368 Ill. 35, held that the circuit court properly denied the motion to intervene upon the ground that the order adjudicating the National Bank's claim was an order from which an appeal could have been taken and that the stockholders who were parties by representation in that suit were foreclosed by the decree by their failure to appeal therefrom.

The present case was tried by a jury upon the issues of performance or nonperformance of the conditions of the contract by the plaintiff, National Bank. The jury returned a verdict in favor of the defendants and judgment was entered thereon. It is this judgment which we are asked to review.

Appellees have filed a motion to dismiss upon the ground that the notice of appeal was not given in due time. On April 23, 1937, the judgment was entered on the verdict. On April 26, 1937, plaintiff filed a motion for new trial. On July 22, 1937, the circuit court overruled the motion for new trial and a motion for judgment notwithstanding the verdict. On October 19, 1937,

notice of appeal with proof of service was filed. Appellant contends that the motion for new trial had the effect of suspending the operation of the judgment. Appellees contend that the amendment to section 68, subd. 1 of the Civil Practice Act [Ill. Rev. Stat. 1937, ch. 110; Jones Ill. Stats. Ann. 104.068] effective July 6, 1937, which provides: ''The time for appeal from such judgment shall not begin to run until the court shall rule upon the motion'' is a legislative construction of the law prior to the amendment, and that prior to the amendment the time began to run from the pronouncement of the judgment. We think the operation of the judgment was suspended. Such was the holding in *Schwind v. Forester*, 289 Ill. App. 172, which presents a similar situation. The motion to dismiss the appeal is denied.

The answer in the present suit asserts that the contract for liquidation of the State Bank was ultra vires of the bank. This is the first time that a court of review has had this contract before it, although in *Groves v. Farmers State Bank*, 368 Ill. 35, the Supreme Court of Illinois has indicated that at the time this contract was made the prevailing opinion of the bench and bar of the State was that this general type of contract was valid.

This was a contract to convey *all* of the assets of the State Bank to the National Bank. The State Bank would no longer exist as a bank. This feature distinguishes the contract to a certain extent from the one presented in *Sherrard State Bank v. Vernon*, 243 Ill. App. 122. We think that the holding in *Continental Ill. Nat. Bank & Trust Co. of Chicago v. Peoples Trust & Savings Bank of Chicago*, 366 Ill. 366, compels us to hold this contract ultra vires of the bank and void. While the contract in that case was entered into after the amendment to the Banks and Banking Act which authorized such contracts if made with the approval

of the auditor of public accounts, the logic of the case as applied to this contract is inescapable. The court said that up to the time of the amendment of the Banking Act the statute provided for only one method of voluntary liquidation of a bank and that method provided for deposit of the bank's assets with the auditor of public accounts. The court also said that the powers vested in a bank are only such as are expressly granted and necessarily implied from the specific grant, and every power not clearly granted is withheld. We hold, therefore, that the contract of October 4, 1930, between the State Bank and the National Bank was void.

Appellant contends that even though the contract be void the appellees as guarantors are bound. There is a distinction between contracts of corporations which are a mere abuse of power and contracts which are ultra vires. In *Steele v. Fraternal Tribunes*, 215 Ill. 190, 194, the court said: "But when the contract is beyond the powers conferred on it by existing laws, neither the corporation nor the other party to the contract can be estopped, by assenting to it or by acting upon it, to show that it was prohibited by those laws." In *Mercantile Trust Co. v. Kastor*, 273 Ill. 332, the court, holding that the surety was not bound, used similar language.

Appellant contends that appellees are bound by the decree of the circuit court in allowing the National Bank's claim in the receivership and stockholders' liability proceedings above mentioned. The guarantors were not parties to that suit. The defenses which might have been presented were not identical. The guarantors' liability is predicated solely on the contract. In any event the stockholders might have been liable for repayment of the sums advanced by the National Bank. The interests of the guarantors were not represented in that proceeding.

The question of the validity of the contract has been presented to us and we have reached the conclusion that it was void and that the guarantors were not bound thereby. However, the case was presented to the jury upon the issue of performance of the contract. The jury found for the defendants. We find no substantial error in the manner in which those issues were presented to the jury, and we think the defendants would be entitled to judgment on the verdict if the contract were valid.

The judgment of the circuit court of Jefferson county is affirmed.

*Judgment affirmed.*