ERNEST E. BOVINETTE, Plaintiff-Appellant, *v.* THE CITY OF MASCOUTAH *et al.*, Defendants-Appellees.

(No. 71-207;

Fifth District—September 29, 1972.

Walker & Williams, of Belleville, (Martin W. Imber, of counsel,) for appellant.

Norman L. Nold, of Freeburg, and Robert L. Jennings, of Belleville, for appellees.

Mr. JUSTICE CREBS delivered the opinion of the court:

The appellant, Ernest E. Bovinette, filed a complaint for declaratory judgment seeking a declaration that his employment as Chief of Police of Mascoutah had not been properly terminated and a further declaration that he was entitled to the office and salary of Chief of Police. The Circuit Court of St. Clair County granted the city's motion to dismiss the complaint, holding that the appellant had been legally removed from office and that irrespective of the legality of the removal, he had tendered a resignation from said office which was accepted, and it is from this determination that appellant has appealed.

The complaint alleged that on March 31, 1971, the city council dismissed appellant as Chief of Police without any charges being filed or hearing being held before the Board of Fire and Police Commissioners. It was alleged that the dismissal was improper because the power of discharge was vested solely in said Board. The verified motion to dismiss admitted that appellant had been dismissed without any charges or hearing before the Board but stated that the City of Mascoutah operates under the managerial form of municipal government and that appellant's dismissal was by the City Manager, who allegedly had the power to remove the Chief of Police without utilizing the hearing procedures of the Board of Fire and Police Commissioners. The City's motion also alleged

that appellant tendered his resignation on March 15 and that the resignation was accepted on March 16th. The order of the trial court dismissing the complaint, recited that it did so both on the basis that the City Manager had the power to remove appellant without the filing of charges and a hearing, and on the basis that the appellant had resigned and that his resignation had been accepted.

We first consider the question of whether the City Manager had the power to remove appellant. The Act authorizing the managerial form of municipal government is contained in Article 5 of the Cities and Villages Act wherein it is provided "* * * The powers and duties of the manager shall be: * * * (2) to appoint and remove all directors of departments * * *." Ill. Rev. Stat. 1971, ch. 24, par. 5—3—7.

The Act concerning the Board of Fire and Police Commissioners is contained in Division 2.1 of Article 10 of the Cities and Villages Act wherein the following provision pertaining to such a Board under a managerial form of government is set forth: "The Board of Fire and Police Commissioners shall appoint all officers and members of the fire and police departments of the municipality, including the Chief of Police and the Chief of the Fire Department, unless the council or board of trustees shall by ordinance as to them otherwise provide; except in any municipality which adopts or has adopted this Division 2.1 and also adopts or has adopted Article 5 of this Code, the chief of police and the chief of the fire department shall be appointed by the municipal manager, if it is provided by ordinance in such municipality that such chiefs, or either of them, shall not be appointed by the board of fire and police commissioners. * * *." (Ill. Rev. Stat. 1971, ch. 24, par. 10—2.1—4.) The Act then later goes on to provide that "Except as hereinafter provided, no officer or member of the fire or police department of any municipality subject to this Division 2.1 shall be removed or discharged except for cause, upon written charges, and after an opportunity to be heard in his own defense * * *." Ill. Rev. Stat. 1971, ch. 24, par. 10—2.1—17.

An ordinance such as is above referred to was in existence in the City of Mascoutah which ordinance provided that the Chief of Police should be hired by the City Manager, with Commission approval.

This court has recently construed the provisions of Article 10 in the case of *Edwards v. City of Marion*, 130 Ill.App.2d 895. It was there held that the City Council of a city subject to the provisions of the Fire and Police Commissioners Act had no power to remove the Chief of Police without compliance with the provisions of that act notwithstanding the fact that the city had adopted an ordinance, as permitted by that Act, providing that the Chief of Police should be appointed by the Council.

It is this case upon which appellant placed principal reliance in the trial court and upon which he relies here.

In our opinion the *Edwards* case is not controlling. It was there argued that the city's power to appoint the Chief of Police, given to it by ordinance authorized by statute, implied the power to remove him that it therefore had the right to remove the Chief of Police without the necessity of formal charge and hearing. Certain cases were cited by the City tending to sustain that position, but we distinguished those cases and held that there was no implied power to remove. The defendant city in *Edwards*, unlike the City of Mascoutah, was not, however, operating under the managerial form of government. Under the provisions of chapter 24, section 5—3—7, the City Manager is expressly given the power to appoint and remove all directors of departments and the Chief of Police is obviously the director of the police department. We therefore need not look for any *implied* power of removal in view of the power expressly granted to the manager.

In the City Manager form of government the manager is the administrative head of the government, and he alone is responsible for the successful management and operation of the city from an administrative standpoint, although he is accountable to the city council and the council to the people. If council approval was required for the removal of every employee, the city manager form of government would be effectively destroyed since the administration would stagnate and become practically inoperative. (*Visone v. Reilly*, 80 N.J. Super. 494; 194 A.2d 248.) It is also pertinent to note that under the Commission form of government, where there is no single administrative officer, the legislature has expressly provided that the Chief of Police shall be appointed and discharged only as provided by the Fire and Police Commission Act. (Ill. Rev. Stat. 1971, ch. 24, par. 4—5—7.) The omission of such a provision in Article 5 is in our view a strong indication that the legislature intended that the manager may remove the Chief of Police without a formal charge or hearing. We therefore hold that the City Manager had the power to remove the Chief of Police without complying with the removal provisions of the Fire and Police Commissioners Act and therefore find it unnecessary to consider whether appellant's resignation was effective.

The judgment of the Circuit Court of St. Clair County is affirmed.

Judgment affirmed.

G. MORAN, P. J., and JONES, J., concur.