(No. 45513. )

ERNEST E. BOVINETTE, Appellant, v. THE CITY OF MASCOUTAH *et al.*, Appellees.

*Opinion filed September 25, 1973.*

WALKER & WILLIAMS, of Belleville (MARTIN W. IMBER, of counsel), for appellant.

NORMAN L. NOLD, of Freeburg, and ROBERT L. JENNINGS, of Belleville, for appellees.

MR. JUSTICE RYAN delivered the opinion of the court:

Plaintiff, Ernest E. Bovinette, filed a complaint for declaratory judgment in the circuit court of St. Clair County contending that his employment as chief of police of the City of Mascoutah had been wrongfully terminated and that he is entitled to that office and to the salary. The City filed a motion to dismiss the complaint, which the circuit court allowed. The appellate court affirmed the trial court (7 Ill. App. 3d 492), and we granted leave to appeal.

The complaint alleges that the City of Mascoutah on February 1, 1971, became subject to the provisions of division 2.1 of article 10 of the Illinois Municipal Code (Ill. Rev. Stat. 1969, ch. 24, par. 10—2.1—1 *et seq.*). Division 2.1 provides for the creation of a Board of Fire and Police Commissioners and specifies its authority. The complaint further alleges that no charges were ever filed against the plaintiff with the Board of Fire and Police Commissioners and that no hearing was held. He contends that he was wrongfully discharged in that he was not discharged by the Board of Fire and Police Commissioners as required by statute.

The City, in its motion to dismiss, alleges that it is a municipal corporation operating under the managerial form of municipal government as provided in article 5 of the Illinois Municipal Code (Ill. Rev. Stat. 1969, ch. 24, par. 5—1—1 *et seq.*) and that pursuant to section 5—3—7 the city manager has the right to appoint and dismiss employees and officers of the City. The motion also alleges that the plaintiff had previously tendered his resignation and that it had been accepted.

Article 5 of the Illinois Municipal Code provides for the managerial form of municipal government. In section 5—3—7(2) it is provided that the powers and duties of the municipal manager shall be "To appoint and remove all directors of departments." The City points out that in article 5 there is no provision that all officers and members of the police department, including the chief, shall be appointed and discharged only as provided in division 2.1 of article 10 where it is in effect, whereas in article 4, which provides for the commission form of municipal government, there is such a provision. The City argues therefore that under the managerial form of municipal government the manager has the authority to hire and discharge the chief of police without regard to the provisions in division 2.1 of article 10. We do not agree.

There is no language in division 2.1 of article 10 which

can be construed as exempting from its provisions those municipalities operating under the managerial form of municipal government. Section 10—2.1—1 provides:

"In *every* municipality with a population of at least 5,000 and not more than 250,000 which is not subject to Division 1 of this Article, and in every municipality with a population of less than 5,000 which adopts this Division 2.1 *** the mayor of the city, with the consent of the city council *** , *shall appoint* a board of fire and police commissioners." (Emphasis added.)

The application of this section is thus made mandatory as to the City of Mascoutah, which has a population of in excess of 5,000 and has not adopted the provisions of division 1 of article 10. Division 1 relates to civil service.

Section 10—2.1—4 provides for the appointment of members of the fire and police departments of municipalities operating under Division 2.1 and provides:

"The board of fire and police commissioners shall appoint all officers and members of the fire and police departments of the municipality, including the chief of police and the chief of the fire department, unless the council or board of trustees shall by ordinance as to them otherwise provide; except that in any municipality which adopts or has adopted this Division 2.1 and also adopts or has adopted Article 5 of this Code, the chief of police and the chief of fire department shall be appointed by the municipal manager, if it is provided by ordinance in such municipality that such chiefs, or either of them, shall not be appointed by the board of fire and police commissioners."

Thus in all municipalities operating under Division 2.1 all members of the fire and police departments, including the chiefs, must be appointed by the Board of Fire and Police Commissioners. However, as to the chiefs, the municipality may provide that they be appointed by someone other than the Board of Fire and Police Commissioners, but if that municipality is one that has adopted article 5, which provides for the managerial form of municipal government, then if an ordinance is adopted providing that the Board of

Fire and Police Commissioners shall not appoint the chiefs, that appointment must be made by the municipal manager. We must note, however, that this exception relates solely to the appointment of the chiefs and does not refer to their discharge.

As to the authority to discharge, section 10—2.1—17 provides that "no officer or member of the fire or police department of any municipality subject to this Division 2.1 shall be removed or discharged except for cause, upon written charges, and after an opportunity to be heard in his own defense." This section further provides that the Board of Fire and Police Commissioners shall conduct a hearing following which it may discharge or suspend the officer or member if he is found guilty.

Plainly the legislature intended these sections to apply to cities operating under the managerial form of municipal government provided in article 5, as well as to those operating under the mayoral and aldermanic form of government provided in article 3 or under the commission form of government provided in article 4. If, for instance, these sections are not to apply to cities which have adopted article 5 and if the manager in such cities has the authority to appoint the chiefs of police and fire departments under the grant of authority in section 5—3—7, there would be no reason for the legislature to further provide in section 10—2.1—4 that the city council may by ordinance provide for the appointment of these officers by the municipal manager in the cities which have adopted article 5. We conclude that the powers of a municipal manager enumerated in section 5—3—7 do not include the appointment or discharge of members or officers of the fire and police department of a municipality which is subject to the provisions of division 2.1 of article 10.

The City of Mascoutah had passed an ordinance which provided: "The chief of police shall be hired by the city manager, with the commission's approval." In passing this ordinance the City removed the power to appoint the chief

of police from the Board of Fire and Police Commissioners and vested it in its city manager as authorized in section 10–2.1–4. If the city believed, as it now contends, that its manager had the authority to appoint the chief of police and to discharge him under the provisions of article 5–3–7, there would have been no need for this ordinance.

In section 10–2.1–17, which provides for the discharge of members and officers of the fire and police departments, we find no authority which authorizes the city, by ordinance, to remove this power from the Board of Fire and Police Commissioners and grant it to some other officer or body. Thus, under section 10–2.1–4 the city council, by ordinance, may remove the power to appoint these officers from the Board of Fire and Police Commissioners and confer it on the municipal manager. But there is no corresponding authority contained in section 10–2.1–17 with regard to discharging these officers. Therefore the removal of the chief of police and the chief of the fire department in municipalities subject to division 2.1 of article 10 is vested solely in the Board of Fire and Police Commissioners as provided in section 10–2.1–17, although that municipality may also have adopted the managerial form of municipal government as provided in article 5.

The language of these sections of the statute is plain and certain and must be given effect by the courts. We cannot read into the statute words which are not within the plain intention of the legislature as determined from the statute itself. (*Donahoo v. Board of Education, 413 Ill. 422, 426; Smith v. Board of Education, 405 Ill. 143, 148.*) We cannot restrict nor enlarge the plain meaning of an unambiguous statute. *People ex rel. Nelson Bros. Storage and Furniture Co. v. Fisher, 373 Ill. 228, 234.*

The City also contends that the plaintiff was not entitled to a hearing before the Board because he had effectively resigned prior to his dismissal by the city manager. The plaintiff did submit a letter of resignation,

under protest, to be effective at a specified date in the future. The resignation was accepted prior to the effective date. Two days later, but prior to the effective date, the plaintiff withdrew his resignation, contending that it had been submitted under extreme political pressure, intimidation and harrassment. Thereafter at a special city council meeting both the city council and the city manager treated the resignation as having been successfully withdrawn. The council then instructed the city manager to advise the plaintiff that if he did not resign by 8 o'clock the following morning he would be discharged. The plaintiff did not tender his resignation and he was discharged by the city manager. In view of these facts we find that the City had permitted the withdrawal of the resignation and had attempted to thereafter discharge the plaintiff. The City cannot now contend that he had resigned.

For these reasons, we hold that the plaintiff's complaint should not have been dismissed on the defendant's motion. The judgment of the appellate court affirming the circuit court of St. Clair County is reversed, and the cause is remanded to the circuit court with directions to proceed in accordance with the views herein expressed.

*Reversed and remanded,*
*with directions.*