THE PEOPLE *ex rel.* BERNARD CAREY, Plaintiff-Appellee, *v.* ROBERT D. FORBERG, Defendant-Appellant.—THE PEOPLE *ex rel.* ROBERT D. WILSON, Plaintiff-Appellee, *v.* ROBERT D. FORBERG, Defendant-Appellant.

(No. 59966;

No. 59967;

First District (2nd Division)—October 24, 1975.

*Rehearing denied November 19, 1975.*

Ancel, Glink, Diamond & Murphy, P. C., of Chicago (Marvin J. Glink and Barry S. Shanoff, of counsel), for appellant.

Davis, Dietch & Ryan, of Chicago (Henry X. Dietch, of counsel), for appellee Robert D. Wilson.

Bernard Carey, State's Attorney, of Chicago (Sheldon Gardner, Paul P. Biebel, Jr., and Michael F. Baccash, Assistant State's Attorneys, of counsel), for appellee Bernard Carey.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

These are consolidated appeals from two quo warranto orders that ousted Robert D. Forberg from his position as chief of police of the city of Markham, Illinois. The dispositive issue in these appeals is whether the trial courts erred in entering the judgments of ouster. There is no dispute among the parties concerning the material facts.

## I.

Since 1957, what is now the city of Markham has been subject to provisions which are presently in division 2.1 of article 10, Illinois Municipal Code.[1] These provisions authorized a municipality like Markham to

---

[1] See Ill. Rev. Stat. 1973, ch. 24, pars. 10—2.1—1 et seq.

create a Board of Fire and Police Commissioners and to specify its authority. Accordingly, one was established; and under applicable State statutes, it had exclusive authority over the appointment and discharge of all members of Markham's police department, including the chief of police. In 1961, Robert D. Forberg joined the police department. Through a referendum held in 1964, Markham changed from a village to a city and adopted the managerial form of government. In 1968, the city manager, having been so authorized, appointed Forberg to the position of Markham's chief of police. At the time, it was provided in the Illinois Municipal Code that if a municipality, otherwise qualified, adopted the managerial form of government,[2] the municipal manager would have the power, under section 5—3—7(2), to appoint and remove all directors of departments.[3]

Then, on May 3, 1973, the city council amended its municipal code to provide that "[a]ll appointments to or promotions within the department shall be made by the Fire & Police Commissioners as provided by law, except that the Chief of Police shall not be appointed by the Board of Fire & Police Commissioners. The City Manager shall appoint and discharge the Chief of Police."[4] At the same session, but without notice or any charge being made, the council passed a motion directing Charles Kara, the acting city manager, to terminate Forberg's services as the city's police chief. That same evening, Kara personally served the notice of termination; and at the same time, he appointed Ernest Wooley the interim chief of police. However, when Wooley tried to assume control of the police department, Forberg refused to relinquish his office. As a result, the People, on the relation of Bernard Carey, State's Attorney of Cook County, filed a complaint in quo warranto praying for a judgment ousting the defendant Forberg from his office as Markham's police chief. A motion for a temporary restraining order, filed contemporaneously with the complaint, was allowed; and thereafter, the trial court, with Judge F. Emmett Morrissey presiding, heard the parties. Among the issues presented was Forberg's contention that termination of his services was illegal because the acting city manager did not have the power to discharge him; no charge was made against him with the Board of Fire and Police Commissioners, nor was hearing given him. Judge Morrissey rejected this contention and entered an order that Forberg be "* * * ousted from his position as Chief of Police of the City of Markham in view of the fact that Acting City Manager Charles Kara possessed the

---

[2] Ill. Rev. Stat. 1967, ch. 24, pars. 5—1—1 to 5—1—15.

[3] Ill. Rev. Stat. 1967, ch. 24, par. 5—3—7(2).

[4] Municipal Code of Markham, 1973, section 5.102.

authority to appoint and remove the Chief of Police and, in fact, exercised that authority by removing defendant Robert D. Forberg and appointing Ernest Wooley to the post of Chief of Police."

Within the time allowed by law, Forberg filed a post-trial motion which he later sought to amend, at which time Judge Morrissey ordered the parties to file memoranda in support of their respective positions. When the relator-plaintiff did so, he called attention to the length of time that had elapsed since the motion was filed. Forberg, however, explained this passage of time with the affidavit of his lawyer who said, without being contradicted, that a few days after the post-trial motion was filed he became ill, was hospitalized, underwent an operation, and spent a period of recuperation that had ended just before he sought to amend the motion. In addition, Judge Morrissey's attention was called to *Bovinette v. City of Mascoutah*, 55 Ill.2d 129, 302 N.E.2d 313, in which, while the post-trial motion was pending, the supreme court held that even where a municipality had adopted the managerial form of government, the municipal manager could not remove a chief of police from office because that power of removal was, by law, vested solely in the Board of Fire and Police Commissioners of the municipality. Judge Morrissey, however, denied the post-trial motion, ruling that its presentment for hearing was not timely; that as a consequence of the motion not being called in a timely fashion, a new police chief was hired by Markham thus estopping Forberg from asking for a new trial; and that the court file did not show notice of motion having been served on relator-plaintiff. Forberg appealed to this court and the case was docketed as our No. 59966.

## II.

Three days before Forberg served his notice of appeal, another quo warranto complaint was filed against him, this time on the relation of Robert D. Wilson who alleged that on October 15, 1973 he had been appointed police chief of Markham, but on January 4, 1974, he was removed and Forberg appointed in his place. Claiming that this was an unlawful usurpation of the office, Wilson prayed that a judgment of ouster issue against Forberg and he, Wilson, be reinstated as Markham's police chief.

The complaint was assigned to Judge Raymond K. Berg. Again, as in the case before Judge Morrissey, a motion for a temporary restraining order accompanied the complaint; it was allowed, as an emergency, and Forberg was temporarily restrained from performing the duties of chief of police in Markham. Then, after ruling on preliminary motions and hearing the parties, Judge Berg reviewed the procedural history of the

first quo warranto proceeding and found that, although the first case was not *res judicata* of the issues in the second one and though Forberg was illegally and improperly removed from the office of chief of police of Markham, the first judgment of ouster was binding because Judge Morrissey denied the post-trial motion on procedural rather than substantive grounds. Therefore, Judge Berg ordered a second judgment of ouster against Forberg and found Wilson to be the chief of police of the city of Markham. Forberg appealed to this court and that case was docketed here as our No. 59967.

## III.

It is not disputed that during the time relevant to these controversies the municipality known as Markham has been subject to the provisions now contained in division 2.1 of article 10 of the Illinois Municipal Code. These provisions governed boards of fire and police commissioners and applied to cities operating under the managerial, mayoral, aldermanic, or commission forms of government. In 1968, when Forberg was appointed Markham's police chief, the State municipal code provided that, with exceptions not here applicable, "* * * no officer or member of the fire or police department of any municipality subject to this Division 2.1 shall be removed or discharged except for cause, upon written charges, and after an opportunity to be heard in his own defense." (Ill. Rev. Stat. 1967, ch. 24, par. 10—2.1—17.) No written charges were ever made against Forberg; and he was never given the opportunity to appear in his own defense. Consequently, he has contended throughout these proceedings that his discharge as police chief of Markham was illegal.

In this appeal, and in the trial court, Carey, the relator-plaintiff, has argued that Markham adopted the managerial form of government in 1964 and acquired a municipal manager whose authority had been made to include "* * * [t]he powers and duties * * * [t]o appoint and remove all directors of departments." (See Ill. Rev. Stat. 1963, ch. 24, 5—3—7(2).) Therefore, he insists, and Judge Morrissey in the trial court so held, that since the acting city manager had been authorized by a duly adopted ordinance, he had the power to remove Forberg from his position as the chief of police of Markham.

In *Bovinette v. City of Mascoutah*, 7 Ill.App.3d 492, 288 N.E.2d 12, the chief of police of a city sued for a judgment which would have declared that his employment was wrongfully terminated because he was removed from office by a municipal manager without charges being filed against him and without a hearing granted him, as required by the Illinois Municipal Code. The complaint was dismissed, and the Illinois appellate court affirmed. But, while Forberg's post-trial motion was

pending before Judge Morrissey, the supreme court reversed the appellate court in *Bovinette*, holding that where a municipality was subject to the statutes governing boards of fire and police commissioners, the power to remove a police department chief was vested solely in the board; therefore, a municipal manager could not remove the chief of police, even though the municipality had adopted the managerial form of government and had authorized that the chief be appointed by the manager. *Bovinette v. City of Mascoutah*, 55 Ill.2d 129, 302, N.E.2d 313.

■■ This supreme court ruling was called to Judge Morrissey's attention before he ruled on Forberg's post-trial motion, one which had been filed in apt time. The motion had the effect of staying execution of the judgment and suspended its operation. (See *First National Bank v. Watkins*, 295 Ill.App. 572, 15 N.E.2d 611; Ill. Rev. Stat. 1973, ch. 110, par. 68.1(4).) There was no rule of the supreme court nor any requirement of the Civil Practice Act that the motion had to be heard within the period it had to be filed. Either party could call the motion for disposition before or after expiration of the filing period. (See Supreme Court Rule 184, Ill. Rev. Stat. 1973, ch. 110A, par. 184.) Nor was notice of the motion material to its validity. The failure of a party to deliver or serve copies required by the rule governing service of pleadings did not, in any way, impair the jurisdiction of the trial court over Forberg or any other party; but the aggrieved party could obtain a copy from the clerk, and the court could order the offending party to reimburse the aggrieved party for such expense as may be incurred. Supreme Court Rule 104(d); Ill. Rev. Stat. 1973, ch. 110A, par. 104(d).

■■ In the case before us, it must be noticed that no claim was made in the trial court that Forberg, through his counsel, had violated the Cook County circuit court rule which provided that "[t]he burden of calling for hearing any motion previously filed is on the party making the motion. If any such motion is not called for hearing within 90 days from the date it is filed, the court may enter an order overruling or denying the motion by reason of the delay." (See Rule 2.3, Rules of the Circuit Court of Cook County, effective March 1, 1959.) In any event, we have held, construing this rule, that denial or dismissal of a motion, because of delay in calling it for hearing, is discretionary with the trial court; and that we will not set aside a ruling exercising this discretion in the absence of facts constituting an abuse. See *Bernhardt v. Fitzshall*, 9 Ill.App.3d 1041, 293 N.E.2d 650.

In *Kaufman v. Kaufman*, 22 Ill.App.3d 1045, 318 N.E.2d 282, we sustained a trial court ruling that denied a motion to vacate because its proponent failed to call it for hearing within 90 days as required by the circuit court rule. But in doing so, we pointed out that "[a]lthough the

illness of a lawyer is always a persuasive excuse for his failure to comply with a court requirement, the reason given the trial judge (that counsel was ill for a month and a half) did not really explain why action was not taken on the matter for 5½ months." (22 Ill.App.3d 1045, 1052.) In this case, the uncontradicted affidavit of Forberg's lawyer asserted that soon after he filed the post-trial motion he was taken ill and was hospitalized for an ailment that required an operation and recuperation which continued until a few days before he took action on the motion. Therefore, the post-trial motion having been timely filed, the delay in calling it for hearing having been adequately explained, its denial on procedural grounds was an abuse of discretion.

■■ The issue resolved in *Bovinette* when the supreme court reversed the appellate court was whether the police chief of a municipality subject to statutes governing boards of fire and police commissioners can be removed from office by the municipal manager of a municipality that had adopted the managerial form of government and which had authorized the manager to appoint the chief. This was the same issue Judge Morrissey was asked to decide. In *Bovinette*, it arose in a declaratory judgment proceeding, before Judge Morrissey, it was raised in a quo warranto case. This procedural distinction does not, in our judgment, justify a different rule of law.

■■ Judge Morrissey had followed the decision of the appellate court in *Bovinette v. City of Mascoutah*, 7 Ill.App.3d 492, 288 N.E.2d 12. However, before he disposed of the case, the rule that controlled the rights of the parties was pronounced by the supreme court. It is well settled that when this occurs, the court that decides an issue is bound to apply the law that exists at the time of its ruling. (See *Ramos v. Armstrong*, 8 Ill.App.3d 503, 289 N.E.2d 709; compare *Cardin v. Cardin*, 14 Ill.App.3d 82, 302 N.E.2d 238.) Accordingly, we conclude that in No. 59966 Judge Morrissey erred in entering the judgment of ouster against Forberg and then persisted in that judgment when, before it was final, a controlling decision of the Supreme Court was called to his attention. *Field v. People ex rel. McClernard*, 3 Ill. (2 Scam.) 79, 98; 14 Ill. L. & Pr. *Courts* § 81 (1968).

■■ Turning to the judgment of ouster entered by Judge Berg in No. 59967, we agree with his conclusion that Forberg was illegally and improperly removed from his office as police chief of Markham. (*Bovinette v. City of Mascoutah*, 55 Ill.2d 129, 302 N.E.2d 313.) We also agree with Judge Berg that the proceeding between Forberg and Carey was not *res judicata* of any issue in the proceeding between Wilson and Forberg. This is so because missing was one of the indispensable elements of *res judicata*: the identity of the parties. *In re Hutul*, 54 Ill.2d 209, 296 N.E.

2d 332; *La Salle National Bank v. Fitzgerald,* 15 Ill.App.3d 1016, 305 N.E.2d 355.

However, we disagree with Judge Berg that he was bound by Judge Morrissey's rulings when the post-trial motion in No. 59966 was denied. The cases were different. But even had they been the same, Judge Berg would not have been bound by the prior order of Judge Morrissey. (See *Richichi v. City of Chicago,* 49 Ill.App.2d 320, 199 N.E.2d 652; *Scardina .v. Colletti,* 63 Ill.App.2d 481, 211 N.E.2d 762.) In fact, it was for Judge Berg to have considered the case before him free of any restraint related to Judge Morrissey's rulings in the earlier case. (Compare *Niagara Fire Insurance Co. v. Scammon,* 35 Ill.App. 582.) Instead of doing this, it appears that Judge Berg granted the judgment of ouster against Forberg and found Wilson to be police chief of Markham only because. he felt bound by Judge Morrissey's reasons for denying Forberg a new trial in the first quo warranto proceedings. This, in our judgment, was error. Judge Berg should not have ordered the judgment of ouster against Forberg in the quo warranto proceeding instituted by Wilson.

Therefore, the judgment of ouster entered in No. 59966 is reversed and the cause is remanded for further proceedings consistent with the views expressed in this opinion. The judgment of ouster entered in No. 59967 is reversed.

Order No. 59966 reversed and cause remanded with directions; order in No. 59967 reversed.

DOWNING, P. J., and STAMOS, J., concur.