PAUL K. TERRILL, Plaintiff-Respondent, v. ST. LOUIS SOUTHWEST-
ERN RAILWAY COMPANY, Defendant-Petitioner.

Fifth District   No. 5—86—0379

Opinion filed April 27, 1987.

John B. Gunn and James C. Cook, both of Walker & Williams, P.C., of
Belleville, for appellant.

Donald S. Singer and Andrew F. Wasserman, both of Cupples, Edwards,
Cooper & Singer, of St. Louis, Missouri, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Plaintiff, Paul Terrill, filed a complaint in circuit court pursuant to
the Federal Employers' Liability Act (FELA) (45 U.S.C.A. sec. 51 *et
seq.* (West 1986)), alleging he suffered a heart attack as a result of neg-
ligence on the part of his employer, St. Louis Southwestern Railway
Company. Defendant filed a motion in St. Clair County circuit court to
dismiss the action under the doctrine of *forum non conveniens*. The

trial court denied the motion on the ground it had not been called earlier for a hearing. We granted defendant's petition for leave to appeal under Supreme Court Rule 306(a)(1)(ii) (103 Ill. 2d R. 306(a)(1)(ii)).

Plaintiff filed his complaint in Madison County circuit court on February 18, 1981. On April 30, 1981, defendant filed a motion to transfer the cause to St. Clair County, arguing venue was improper in Madison County. This motion was granted on May 15, 1981, and the cause was transferred to St. Clair County. On June 22, 1981, defendant filed a *forum non conveniens* motion, which contended all of the witnesses and sources of proof were located outside of Illinois, that plaintiff resides in Scott City, Missouri, and that the injury occurred while he was employed in the Scott City area. After the motion was filed, the parties engaged in discovery, including the taking of plaintiff's deposition by defendant on March 29, 1982. The record shows no activity in the case between March 29, 1982, and March 20, 1986, when plaintiff filed a fee for a jury demand. On April 4, 1986, the case was assigned to a judge, who scheduled the case for trial on June 16, 1986. A trial date was set even though still pending were defendant's *forum non conveniens* motion and a motion by defendant to "dismiss complaint, make more definite and certain and/or strike." A hearing on the forum motion was held on May 23, 1986. On that date, which was almost five years after the forum motion was filed, the court denied the motion. In its order, the court stated: "Defendants' motion to decline jurisdiction is hereby denied since it has not been called for hearing previously."

■ A trial court's ruling on a *forum non conveniens* motion will not be disturbed absent an abuse of discretion. (See *Bell v. Louisville & Nashville R.R. Co.* (1985), 106 Ill. 2d 135, 147, 478 N.E.2d 384, 389.) The court must consider numerous factors in addressing such a motion, and one factor to be weighed is a defendant's delay in asking the court to decline jurisdiction. (106 Ill. 2d 135, 146-47, 478 N.E.2d 384, 389.) The court in *Bell* stated: "We cannot and will not tolerate lengthy delays by defendants in filing motions asking the court to decline jurisdiction and dismiss a cause of action based on the doctrine of *forum non conveniens*." (106 Ill. 2d 135, 149-50, 478 N.E.2d 384, 390.) While there is no contention in the present case that the motion was not timely *filed*, we believe the supreme court's concern in *Bell* was for the expedient *disposition* of forum motions, not just the timely filing of the motion itself. The court stated that the doctrine of *forum non conveniens* is an equitable doctrine based upon considerations of fundamental fairness and sensible and effective judicial administration and that equity aids the vigilant and not those who sleep on their rights.

106 Ill. 2d 135, 146, 478 N.E.2d 384, 389.

■ In the case *sub judice,* defendant filed its forum motion on June 22, 1981, but the record shows almost five years passed with no effort by defendant to call the motion for disposition. This long delay does not impress us as being the course taken by a defendant who strongly objects to a plaintiff's choice of forum as being inconvenient. (See *Bell v. Louisville & Nashville R.R. Co.* (1985), 106 Ill. 2d 135, 145-46, 478 N.E.2d 384, 388-89.) In light of the particularly long period of inaction here, fundamental fairness dictates a conclusion that the court did not abuse its discretion in denying defendant's *forum non conveniens* motion.

Defendant argues that even if the court properly considered the delay, its ruling on the forum motion was improper in that the court failed to consider any of the other relevant factors under the doctrine of *forum non conveniens.* Defendant points to the court's order, which stated the motion was denied "since it has not been called for hearing previously." While defendant argues this statement indicates the court failed to consider the other relevant factors, and thus did not exercise its discretion, we believe the statement just as easily can be interpreted to mean that the lengthy delay here was the overwhelming factor, not the exclusive one. That the delay factor can be given significant weight is clear from the decision in *Bell.* There the supreme court stated that if it were to only weigh the factors considered by the circuit court, delay not being among them, it would have found an abuse of discretion in the denial of the motion. However, after weighing the delay factor along with the other factors, the court found the trial court's denial of the motion to be correct. (*Bell v. Louisville & Nashville R.R. Co.* (1985), 106 Ill. 2d 135, 148, 478 N.E.2d 384, 389-90.) In the case at bar, we acknowledge that the factors other than the delay weigh heavily in favor of defendant. However, in light of the fact the delay here was nearly five years, we do not believe the court abused its discretion in finding this factor outweighed the others favoring defendant.

We note the supreme court's concern for the more expeditious disposition of *forum non conveniens* motions is also evidenced by the recent adoption of Rule 187 (107 Ill. 2d R. 187), which requires that forum motions be filed not later than 90 days after the last day allowed for the filing of the moving party's answer. While the rule also requires that hearings on such motions be scheduled so as to allow sufficient time to conduct discovery on issues of fact raised by the motion, clearly the court did not envision that nearly five years would be necessary for this purpose.

■ Even if we were to assume the trial court failed to consider all the relevant factors under *forum non conveniens,* and considered only the delay, we still would have no reason to reverse the court's denial of the motion. The trial court has inherent authority to control its business. (See *Bejda v. SGL Industries, Inc.* (1980), 82 Ill. 2d 322, 329, 412 N.E.2d 464, 467.) Just as the court has inherent authority to dismiss a cause of action for want of prosecution when there has been an inexcusable delay in prosecuting the suit (*In re Marriage of Hanlon* (1980), 83 Ill. App. 3d 629, 632, 404 N.E.2d 873, 875-76), so too a court should have inherent authority to dismiss a motion which has not been called up for a hearing for an inexcusably long period. In *People ex rel. Carey v. Forberg* (1975), 33 Ill. App. 3d 161, 337 N.E.2d 369, the trial court denied a motion due to a delay in calling it up for a hearing. The appellate court noted that a local court rule in Cook County placed the burden of calling for a hearing on a motion on the moving party and provided that if a motion is not called within 90 days from the date it is filed, the court may deny the motion because of the delay. The court found that such a denial or dismissal is discretionary with the trial court. (33 Ill. App. 3d 161, 166, 337 N.E.2d 369, 373-74.) We believe that regardless of the existence of a local court rule to this effect, the burden of calling a motion for a hearing should be on the moving party and that the court has discretion to deny the motion if it has not been called up for a hearing for an inexcusably long period. While Supreme Court Rule 184 (87 Ill. 2d R. 184) provides that *either* party *may* call up a motion for disposition before or after the expiration of the filing period, we do not believe the failure of the nonmoving party to call up a motion should preclude the trial court from having discretion to deny a motion which the moving party has failed to call for hearing. There is nothing in the record in the present case to indicate defendant attempted to call its motion for a hearing during the nearly five-year period between the filing of the motion and the time it was finally heard, and the record reveals no reason why the motion could not have been heard earlier. Again, fundamental fairness dictates a conclusion that the court did not abuse its discretion in denying the motion.

For the foregoing reasons, the order of the circuit court of St. Clair County denying defendant's *forum non conveniens* motion is affirmed and the cause remanded for further proceedings.

Affirmed and remanded.

KARNS, P.J., and KASSERMAN, J., concur.