*In re* MARRIAGE OF SHARON E. IZZO, Petitioner-Appellee and Cross-Appellant, and ANTHONY W. IZZO, Respondent-Appellant and Cross-Appellee.

First District (3rd Division)   No. 1—91—0051

Opinion filed June 30, 1994.

Barry Schatz, of Chicago, for appellant.

Ralph G. Sheu, of Chicago, for appellee.

PRESIDING JUSTICE TULLY delivered the opinion of the court:
Petitioner, Sharon E. Izzo, and respondent, Anthony W. Izzo, were awarded a judgment for dissolution of marriage on June 21, 1978. The judgment for dissolution approved and incorporated a marital settlement agreement between the parties. Pursuant to the terms of the agreement, petitioner retained sole custody of the parties' four minor children and was awarded $1,700 per month as unallocated support and maintenance with reductions in payment to occur as each child completed college. When the youngest child completed

college, child support was to cease and respondent was to pay petitioner $1,000 per month as maintenance until she remarried or died.

In 1988, respondent filed a petition to terminate maintenance. In an unpublished opinion we previously affirmed an order of the trial court finding respondent in arrearage of his maintenance payments and denying his petition to completely terminate maintenance. While that appeal was pending, defendant filed another petition which sought only to reduce maintenance and terminate his obligation to provide petitioner with medical insurance.

Following an evidentiary hearing on December 19, 1990, the trial court entered an order denying respondent's new petition. The trial court also granted petitioner's counsel 60 days to file a petition for attorney fees. On January 23, 1991, petitioner's counsel filed such a petition, but he did not proceed on the matter due to his being ill. Consequently, the trial court dismissed the fee petition.

Respondent now appeals from the trial court's decision to deny his petition to reduce maintenance and terminate the medical insurance coverage. Petitioner cross-appeals from the denial of attorney fees.

Section 510(a) of the Illinois Marriage and Dissolution of Marriage Act (hereinafter section 510(a)) provides that an award of maintenance can be modified "only upon a showing of a substantial change in circumstances." (Ill. Rev. Stat. 1989, ch. 40, par. 510(a) (now 750 ILCS 5/510(a) (West 1992)).) The burden of demonstrating a substantial change in circumstances is on the party seeking the modification. (Ill. Rev. Stat. 1989, ch. 40, par. 510(a) (now 750 ILCS 5/510(a) (West 1992)); *In re Marriage of Krupp* (1990), 207 Ill. App. 3d 779, 566 N.E.2d 429; *In re Marriage of Arvin* (1989), 184 Ill. App. 3d 644, 540 N.E.2d 919.) The decision to modify an award of maintenance is within the discretion of the trial court, and a court of review will not disturb such an order absent an abuse of such discretion. (*Krupp*, 207 Ill. App. 3d at 798.) In the case *sub judice*, we believe the trial court abused its discretion.

■ At the time of judgment, respondent was earning $52,000 per year working as president of a company which he owned, Edit Chicago, Inc. (hereinafter Edit Chicago). In addition to a salary, Edit Chicago provided respondent with the use of an insured, company-owned automobile and medical insurance for both respondent and petitioner. Unfortunately for respondent, the company had to be sold in a bankruptcy proceeding and, consequently, respondent could no longer set his own salary. Respondent's income was reduced 25% to $39,000 per year. Respondent has no income-generating assets or

investment property. Additionally, respondent now has had to pay approximately $200 per month for petitioner's medical insurance. Surely, a reduction of income such as this is the type of substantial change in circumstances contemplated by section 510(a) and thus it was error for the trial court to decline to modify the maintenance award. Accordingly, we order the circuit court to vacate its order denying the petition for reduction of maintenance and enter an order reducing the monthly payment due from respondent to petitioner to $800 per month. However, respondent *shall continue* to provide petitioner with medical insurance. Moreover, nothing in this opinion in any way disturbs the holding of our unpublished decision in the first appeal.

■ We now turn to petitioner's cross-appeal concerning her request for attorney fees. The petition was filed in January 1991 and dismissed six months later on respondent's motion because petitioner had not sought to have a hearing on the matter within 90 days of its filing as set forth by Cook County Circuit Court Rule 2.3 (Cook County Cir. Ct. R. 2.3). (See *People ex rel. Carey v. Forberg* (1975), 33 Ill. App. 3d 161, 166, 337 N.E.2d 369.) Petitioner's counsel said that he had undergone surgery, and, as a sole practitioner, he could not proceed with the matter. In granting respondent's motion to dismiss, the trial judge remarked that petitioner's counsel could have had another attorney request a continuance on his behalf, but he did not do so.

The question on review is whether dismissal of the fee petition constituted an abuse of the trial court's discretion. (*Bernhardt v. Fritzhall* (1973), 9 Ill. App. 3d 1041, 1044, 293 N.E.2d 650.) In the instant case, we agree with the trial court's observation that petitioner's counsel could have had another attorney seek a continuance and, therefore, we perceive no abuse of discretion by the trial court in this regard.

In light of the foregoing, the judgement in respondent's appeal is reversed and the cause is remanded with directions to enter an order consistent with the views contained herein. The cross-appeal of petitioner is affirmed.

Respondent's appeal reversed and remanded with directions; petitioner's cross-appeal affirmed.

Affirmed in part; reversed in part and remanded with directions.

RIZZI and GREIMAN, JJ., concur.