NOTICE

Decision filed 03/11/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230019-U

NO. 5-23-0019

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Clay County. |
| | ) | |
| v. | ) | No. 03-CF-1 |
| | ) | |
| WADE A. LOGAN, | ) | Honorable |
| | ) | Douglas C. Gruenke, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Justices Welch and Moore concurred in the judgment.

**ORDER**

¶ 1    *Held:* There is no nonfrivolous argument that the circuit court erred in dismissing defendant's postconviction petition raising a claim under *Miller v. Alabama* where, while petition was pending, the supreme court held that a petitioner who, like defendant, was sentenced pursuant to a fully negotiated guilty plea, could not raise such a claim. Thus, we grant defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2    Defendant, Wade A. Logan, appeals the circuit court's order dismissing his postconviction petition. His appointed appellate counsel, the Office of the State Appellate Defender (OSAD), has concluded that there is no reasonably meritorious argument that reversible error occurred. Accordingly, it has filed a motion to withdraw as counsel along with a supporting memorandum. See *Pennsylvania v. Finley*, 481 U.S. 551 (1987). OSAD has notified defendant of its motion, and this court has provided him with ample opportunity to respond, but he has not done so. After

1

considering the record on appeal and OSAD's motion supporting brief, we agree that this appeal presents no reasonably meritorious issues. Thus, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 3                                    BACKGROUND

¶ 4    In 2003, defendant was charged with 11 counts as a result of the beating death of James Freeman and the aggravated battery of his wife, Freida. Defendant entered a fully negotiated plea by which he would be sentenced to 50 years in prison for first degree murder and a consecutive 3½-year term for aggravated battery. He did not move to withdraw the plea or pursue a direct appeal.

¶ 5    In 2014, defendant filed a postconviction petition seeking resentencing under *Miller v. Alabama*, 567 U.S. 460 (2012), and its progeny, alleging that the court did not consider his youth and attendant characteristics when sentencing him. The circuit court summarily dismissed the petition. The court reasoned that the 53½-year aggregate sentence was not a *de facto* life sentence.

¶ 6    On appeal, this court reversed. We held that, given the low threshold necessary to survive first-stage dismissal, defendant had alleged the gist of a claim that his sentence was effectively a life sentence and that he could challenge his sentence even though it was part of a negotiated guilty plea. *People v. Logan*, 2018 IL App (5th) 150098-U.

¶ 7    Following remand, the circuit court appointed counsel for the defendant, and counsel filed an amended petition contending that defendant's sentence was a *de facto* life term and that the court had imposed the sentence without considering defendant's youth and its attendant characteristics.

¶ 8      On November 20, 2019, the State conceded that, under existing law, defendant was "entitled to a new sentencing hearing on the first degree murder charge." There followed numerous delays for a variety of reasons including the COVID-19 pandemic.

¶ 9      On February 14, 2022, the parties appeared in court. At that time, the prosecutor informed the court that new caselaw from the United States and Illinois supreme courts meant that "the State is going to be filing some amended post-conviction pleadings."

¶ 10      Subsequently, with leave of court, the State filed an amended response to defendant's petition. Defendant did not object to the State withdrawing its concession and filing a motion to dismiss. The State argued that, pursuant to *People v. Jones*, 2021 IL 126432, defendant could not avail himself of *Miller*'s protections because his sentence was imposed pursuant to a fully negotiated guilty plea. The circuit court agreed and dismissed the petition. Defendant timely appealed.

¶ 11                              ANALYSIS

¶ 12      OSAD concludes that *Jones* clearly bars defendant from seeking relief under *Miller*. Thus, it can formulate no good-faith argument that the circuit court erred by dismissing defendant's petition.

¶ 13      In *Miller*, the Supreme Court held that the eighth amendment prohibits the imposition of a mandatory life sentence on a juvenile offender. *Miller v. Alabama*, 567 U.S. 460, 489 (2012). Subsequently, the Illinois Supreme Court held that a sentence of more than 40 years constitutes *de facto* life for a juvenile offender. *People v. Buffer*, 2019 IL 122327, ¶ 41.

¶ 14      When defendant filed his petition, no clear precedent existed regarding whether a defendant who had entered a fully negotiated plea could avail himself of *Miller*. *Logan*, 2018 IL App (5th) 150098-U, ¶ 11. After the State filed its concession, but before a sentencing hearing could be held,

3

the supreme court decided *Jones*. There, the court held that a defendant who had agreed to accept a specific sentence as part of a plea agreement could not raise a *Miller* claim. *Jones*, 2021 IL 126432, ¶¶ 26-28. The court recited the familiar rule that a guilty plea waives all nonjurisdictional error. *Id.* ¶ 20. More fundamentally, the court observed that "plea agreements are contracts, and principles of waiver apply equally to them. *Id.* ¶ 21 (citing *People v. Absher*, 242 Ill. 2d 77, 87 (2011)). Entering into a contract is generally " 'a bet on the future.' " *Id.* (quoting *Dingle v. Stevenson*, 840 F.3d 171, 175 (4th Cir. 2016)). Thus, a typical guilty plea allows a defendant to gain a present benefit " 'in return for the risk that he may have to [forgo] future favorable legal developments.' " *Id.* (quoting *Dingle*, 840 F.3d at 175).

¶ 15    Here, defendant agreed to accept a 50-year sentence for first degree murder in exchange for the State's agreement not to seek a longer term and to dismiss numerous other charges. Thus, *Jones* clearly bars defendant from seeking resentencing under *Miller*.

¶ 16    OSAD further concludes that there is no reasonably meritorious argument that the State was bound by its original concession. It notes that the concession was based solely on the then existing law. However, *Jones* unquestionably changed the law and barred defendant's claim.

¶ 17    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)) provides a mechanism by which a criminal defendant may assert that his conviction resulted from a substantial denial of his constitutional rights. *Id.* § 122-1(a); *People v. Delton*, 227 Ill. 2d 247, 253 (2008). To withstand a motion to dismiss and merit a hearing under the Act, a petition must make a substantial showing that the petitioner's constitutional rights were violated. *People v. Davis*, 119 Ill. 2d 61, 64 (1987).

¶ 18    After *Jones* was issued, the court allowed the State to withdraw its concession and file a new pleading. Defendant did not object. The State then filed a motion to dismiss in reliance on

4

*Jones*. When the supreme court pronounces a rule controlling the parties' rights while a case is pending, the court deciding the issue is bound to apply the law that exists at the time of its ruling. *People ex rel. Carey v. Forberg*, 33 Ill. App. 3d 161, 167 (1975). By the time the court ruled on the State's motion to dismiss, defendant's contention that he could seek resentencing under *Miller* despite his fully negotiated plea was contrary to *Jones* and thus did not make a substantial showing that defendant's rights were violated. Thus, the court would have been required to dismiss the petition in any event.

¶ 19 Finally, OSAD concludes that there is no meritorious argument whether postconviction counsel complied with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). That rule requires that the record show that an attorney representing a defendant in connection with a postconviction petition has consulted with petitioner to ascertain his or her contentions, examined the record of the proceedings, and has made any amendments to the *pro se* petition necessary to adequately present the petitioner's contentions. *Id.* The showing may be made by an attorney certificate. *Id.*

¶ 20 Here, the public defender appointed to represent defendant after remand filed such a certificate. He filed an amended petition presenting defendant's *Miller* claim and obtained the State's concession of that claim. The State revoked its concession only after the issuance of *Jones*, a development over which counsel had no control.

¶ 21                                  CONCLUSION

¶ 22 As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 23 Motion granted; judgment affirmed.