(No. 37522.— )

KATHERINE L. DOODY, Appellant, *vs.* THOMAS J. DOODY, Appellee.

*Opinion filed May 27, 1963.*

SINGER, SINGER & SINGER, of Highland Park, for appellant.

FRANK M. DALY and BRUCE E. KAUFMAN, of Waukegan, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This is an appeal by the plaintiff, Katherine L. Doody, from a decree of the circuit court of Lake County which granted her a divorce from her husband, Thomas J. Doody. The decree found that the plaintiff was without fault and that the defendant was guilty of extreme and repeated cruelty. It awarded custody of two dependent children to the plaintiff and provided that the defendant should pay $150 per month for their support. The decree provided that the real estate owned by the parties in joint tenancy should thereafter be held as tenants in common, and that the plaintiff should have the right to live in the residence property owned by the parties until her remarriage. It also decreed that the title to certain described shares of stock jointly owned by the parties was one half in the plaintiff and one half in the defendant, and that all moneys held by them in joint savings and checking accounts should be divided equally between them. The decree stated that the division of the property therein set forth was in lieu of alimony and in full payment of the rights of the wife to alimony, dower and homestead. The plaintiff appeals directly to this court because a freehold is involved.

The plaintiff and defendant were married November 17, 1934. Plaintiff was then 20 years old. Defendant was then 43, and had previously been married. They lived together until they separated on July 1, 1960. Four children were born of the marriage. Two of them are married. A third has attained his majority, but is physically incapacitated, emotionally disturbed and incapable of supporting himself. He lives with and is cared for by his mother. The fourth child is a minor and he also resides with his mother.

The evidence that established the existence of grounds for divorce was not disputed. The only problems before the court related to alimony and support of the dependent children. The defendant is now about 73 years old. He is, and for many years has been, an active real-estate broker but his income from that source has not been large, and it is uncertain and varies from year to year. Apart from his earnings he has a guaranteed income from railroad retirement, other pensions and social security, which was found by the trial court to amount to $367 per month.

The plaintiff contends that it was error to deprive her of alimony since she was found to be without fault and the equities were found to be in her favor. In our opinion this contention is sound. The provisions of the decree that gave to the plaintiff, in lieu of alimony, a one-half interest in the real and personal property jointly owned by the parties, actually gave her nothing. She already owned the half interest that the decree purported to give her. The decree gave to the plaintiff the right to live "until her remarriage" in the five-bedroom, three-bathroom, two-fireplace home of the parties, built on a five-acre tract. But because of the difference in the ages of the parties, it is not clear that the value of the privilege thus given to the plaintiff approached the value of her right of survivorship as a joint tenant which the decree took away from her.

What was said in *Savich* v. *Savich,* 12 Ill.2d 454, 459,

governs this aspect of the case. "In considering next the propriety of the trial court's division of the property, we are cognizant that a wife granted a divorce for the misconduct of the husband is entitled to alimony, in the absence of special circumstances, and that this right, arising out of the marital relation, is founded upon the legal duty of the husband to support his wife, which is not removed by a divorce obtained for his misconduct. (*Darnell* v. *Darnell,* 212 Ill. App. 601; *Herrick* v. *Herrick,* 319 Ill. 146, 151; *Walters* v. *Walters,* 341 Ill. App. 561; *Gercke* v. *Gercke,* 331 Ill. 413, 419.)" Apart from the fact that a gift is presumed when a husband purchases property and places it in joint tenancy with his wife, ·(*Baker* v. *Baker,* 412 Ill. 511, 514,) it appears that in this case the wife participated in the efforts that resulted in the acquisition of the property. She testified that for many years her husband showed property to prospective clients on the weekends, and she performed that task during the week. The defendant testified that she was "a tremendous help" during the first 20 years of their marriage.

The evidence in this case was heard on May 10, 1961, but the decree was not entered until February 9, 1962. Ten days after the decree was entered the plaintiff moved to vacate it. The motion alleged that one Mata C. Hover died on May 15, 1961, in the State of Florida; that by her will she left a half interest in her estate to the defendant, and that the inventory filed in her estate disclosed personal property of a value of more than $21,000. The motion also alleged on information and belief that Mata C. Hover was the owner of record of certain described property in the State of Florida, worth not less than $21,000. It further alleged on information and belief that Mata C. Hover had held other described property in Florida either in her own name or in some other name for her benefit or for the benefit of the defendant. The motion requested that the decree be vacated and that additional testimony be taken.

It was accompanied by authenticated copies of the last will and testament of Mata C. Hover and of the inventory filed in her estate.

The motion to vacate the decree and re-open the case for presentation of further testimony was denied on the ground that "the decree was upon the evidence before the Court at the time of the hearing." We are of the opinion that the motion should have been granted. At the trial the defendant had denied that he had any interest in any property in Florida. The newly discovered evidence had at least an indirect bearing upon that question. More significantly, however, it bore directly upon the issue before the court for decision since it showed beyond question a change in the defendant's financial position. No exercise of diligence could have produced at the trial the evidence that demonstrated this change, for Mata C. Hover was then alive. Her will was not filed of record in Florida until October 16, 1961, and the inventory of her estate was not filed for record until December 13, 1961.

Finally, plaintiff contends that the trial court erred in denying her motion for a voluntary nonsuit, which was made on February 9, 1962, the day on which the decree was entered. Section 52 of the Civil Practice Act provides that after the trial has begun, a plaintiff may dismiss only on terms fixed by the court upon filing a stipulation to that effect signed by the defendant, or on motion specifying the ground for dismissal, which shall be supported by affidavit or other proof. (Ill. Rev. Stat. 1961, chap. 110, par. 52.) The plaintiff's oral motion did not comply with the statute and it was not error to deny it.

The decree of the circuit court of Lake County is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*