DOROTHY M. JUEN, Plaintiff-Appellant, *v.* KENNETH J. JUEN, Defendant-Appellee.

(No. 72-161;

Fifth District—June 8, 1973.

Dick H. Mudge, Jr., of Edwardsville, for appellant.

Robert H. Rice, of Belleville, for appellee.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal from the order of the circuit court of St. Clair County denying plaintiff-appellant's motion to dismiss her complaint for divorce. Appellant filed a complaint for divorce on June 28, 1971. Defendant-appellee filed an answer and a counterclaim for divorce. The case was called and evidence heard on December 9, 1971. The record suggests that the appellee voluntarily withdrew his counterclaim before the proceedings began.[1] No evidence regarding the counterclaim was offered at the hearing.

The court took the case under advisement after stating that the divorce would be granted. The court forwarded preliminary findings concerning the property settlement to both counsel, after which appellant wrote a letter to the court in which she indicated that her attorney had not adequately represented the standard of living of the parties during their marriage. She requested a voluntary dismissal of her suit. Subsequently, appellant discharged her attorney and employed another, filed a complaint for separate maintenance and then filed a motion to dismiss the complaint for divorce. Appellee filed a motion to dismiss the complaint for separate maintenance.

A hearing was held in which the court denied appellant's motion to dismiss the complaint for divorce and granted appellee's motion to dismiss the complaint for separate maintenance. The decree for divorce was filed and later amended on appellant's motion. Appellant appeals from the court's order denying her motion to dismiss and granting appellee's motion to dismiss. She also appeals from the amended decree for divorce, asking that it be dismissed so she may pursue a remedy of separate maintenance.

The principal question presented on appeal is whether the trial court erred in refusing to dismiss a complaint for divorce after the evidence has been heard, but prior to the entry of a decree.

---

[1] The only reference in the record apears on page 2 of the transcript, wherein the appellant's attorney stated: "I don't believe there is any jury demand. If any of us have demanded a jury, you are withdrawing your counterclaim * * *. We will just go into the cause of divorce".

Section 52 of Chapter 110, Illinois Revised Statutes, provides as follows:

"(1) The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or his attorney, and upon payment of costs, dismiss his action or any part· thereof, as to any defendant, without prejudice, by order filed in the cause. Thereafter he may dismiss, only on terms fixed by the court (a) upon filing a stipulation to that effect signed by the defendant, or (b) on motion specifying the ground for dismissal, which shall be supported by affidavit or other proof. After a counterclaim has been pleaded by a defendant no dismissal may be had as to him except by his consent."

■■ The purpose of this section was to prevent a voluntary dismissal where it would be unfair or unjust to a defendant to permit it. (*Fidelity and Casualty Co. of New York v. Heitman Trust Co.*, (1943), 317 Ill. App. 256, 268, 46 N.E.2d 155, 161. The court said:

"Prior to the passage of section 52 of the Civil Practice Act the complainant had an absolute right to have the cause dismissed at his costs and without prejudice at any time before final decree, if no cross-bill had been filed  *  *  *. This right was frequently abused, and it was to remedy the existing evil that section 52 was enacted."

In *Chicago Title and Trust Co. v. Cook County*, (1935), 279 Ill.App. 462, 466, involving a construction and application of this section, the court said:

"The practice under the common law that permitted a plaintiff to· take a nonsuit at any time before the decision by walking out of the courtroom, and the practice under section 70 of the old Practice Act which permitted a plaintiff to take a nonsuit  *  *  * before it was submitted for final decision, often made the administration of justice a mere travesty. Evidence might be taken in a case for a number of days by both sides. Counsel might then argue at length and if, during the argument, it appeared from what the court had intimated that he was inclined to decide for the defendant, plaintiff had the absolute right to take a nonsuit. It was to remove this obvious defect in the law that the legislature enacted section 52 of the Civil Practice Act." ·

■■ The terms nonsuit and voluntary dismissal without prejudice are used interchangeably because there is no difference in effect between them. *Gilbert v. Langbein*, (1951), 343 Ill.App. 132; *Brown v. Lawler*, (1906), 130 Ill.App. 540.

■■ In applying section 52 to the instant case, the most important

aspect to be noted is the trial court's discretion. Dismissal after trial has begun is to be had only on terms fixed by the court. On appeal, the standard to be applied is simply whether the trial court abused its discretion. (*Bauman v. Advance Aluminum Castings Corp.*, (1960), 27 Ill.App.2d 178, 169 N.E.2d 382; *Voegele v. Kidd*, (1958), 18 Ill.App.2d 400, 152 N.E.2d 887.) In the instant case, the trial court did not abuse its discretion in denying the plaintiff-appellant's motion to dismiss. On the contrary, appellant's noncompliance with the provisions of section 52 dictated that the motion be denied.

If we accept appellant's statement in her brief that appellee never dismissed his counterclaim, the trial court was clearly correct because section 52 provides that appellant could not have dismissed her suit without the appellee's consent. Even if the appellee did withdraw his counterclaim, as the record suggests, thus obviating the need for his consent, the appellant still failed to satisfy the requirements of section 52.

Section 52 requires that the plaintiff make a motion specifying the ground for dismissal, supported by affidavit or other proof. Appellant neither specified the grounds of dismissal nor supported her motion with an affidavit. She did state that she wished to pursue her remedy for separate maintenance. Her motion can in no way be interpreted as fulfilling the requirements of section 52. The court's statement in *Doody v. Doody*, (1963), 28 Ill.2d 191, 190 N.E.2d 734, at 736, applies here:

> "Finally, plaintiff contends that the Trial Court erred in denying her motion for a voluntary nonsuit, which was made on February 9, 1962, the day on which the Decree was entered. Section 52, the Civil Practice Act, provides that after the Trial had begun the plaintiff may dismiss only on terms fixed by the Court upon filing a stipulation to that effect signed by the defendant, or a Motion specifying the grounds for Dismissal, which shall be supported by Affidavit or other proof. The plaintiff's oral Motion did comply with the Statute and it was not error to deny it."

Although appellant's motion in the instant case was written, it did not comply with the requirements of the statute.

Section 52 also provides that a plaintiff may dismiss only upon payment of costs. There is no indication in the record that appellant paid or tendered the payment of costs. On this basis alone, her motion to dismiss was properly denied. The court stated in *Menard v. Bowman Dairy Co.*, (1938), 296 Ill.App. 323, 327, 15 N.E.2d 1014, 1015:

> "In the instant case, it is also to be noted that the Motion made by plaintiff to dismiss the bill and the order submitted, proposed that the bill be dismissed upon plaintiff's costs. No offer was made,

by plaintiff, to pay all the costs. \* \* \* It is very evident from the language of the Statute that it was never intended that the plaintiff should be allowed to dismiss her bill after a large bill of costs had accrued through her doing, without paying them and for this reason alone, the Court was right in denying her Motion."

Although it has been held that there is a public policy involved in divorce actions under which the state has a definite interest in protecting the continuance of the marriage relationship without destroying the rights of the parties, and under which the court should favorably receive motions for the voluntary dismissal of divorce cases (*Gonzalez v. Gonzalez* (1955), 6 Ill.App.2d 310, 127 N.E.2d 673), appellant's motion in the instant case was properly denied. Since the appellant stated that she would pursue her remedy for separate maintenance if voluntary dismissal were granted, the public policy of protecting a continuing marriage relationship does not apply; and since granting appellant's motion would be destructive of appellee's rights in terms of costs and repetitious litigation, the trial court was not disregarding public policy in denying appellant's motion to dismiss. On the contrary, the court was respecting the policy of discouraging vexatious litigation which was the purpose of Section 52.

Accordingly, the decision of the trial court is affirmed.

JONES and CREBS, JJ., concur.