LEE J. POLOWICK, Plaintiff-Appellant, v. MEREDITH CONSTRUCTION CO. et al., Defendants-Appellees.

(No. 73-166;

Second District (2nd Division)—July 3, 1975.

Vincent C. Lopez and Robert H. Bisaillon, both of Chicago, for appellant.

Allen S. Greene, of Wheaton, and Morris A. Haft, of Chicago, for appellees.

Mr. JUSTICE DIXON delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Du Page County, Illinois, which denied a petition of the plaintiff to compel discovery and dismissed the plaintiff's amended complaint with prejudice for want of prosecution, and from a subsequent order of that court which granted the defendants' motion to strike the plaintiff's petition to vacate the order of dismissal.

The plaintiff was Lee J. Polowick, special administrator for the estate of John M. Polowick, deceased, and for the estate of Catherine A. Polowick, deceased. The defendants were Meredith Construction Company, a corporation, Norman M. Schlossberg, and Guaranty Bank and Trust Company, a corporation. Originally John Polowick and Catherine A. Polowick were plaintiffs, but both of them later died, and Lee J. Polowick was then appointed special administrator for the two estates and substituted as plaintiff.

The complaint of John M. and Catherine A. Polowick, which they filed in 1962 in the Circuit Court of Du Page County, sought rescission of a contract for the sale of land to them with a residence to be constructed on it by Meredith Construction Company, the return of their down payment, and damages. They alleged that Guaranty Bank and Trust Company held title to the land as trustee, but Norman M. Schlossberg and other persons were the beneficial owners and had entered into a joint adventure or partnership to develop lots, build houses on them, and sell them to the general public. They alleged, further, that Meredith Construction Company was a sham corporation, had no resources of its own, and was a mere instrumentality of the joint adventurers. The complaint was withdrawn, with leave of court, and another complaint was filed; the latter was stricken, and an amended complaint filed in 1964; this was also stricken, and then on February 1, 1965, another amended complaint was filed. All the defendants filed answers before the end of 1965 denying the allegations in the complaint as last amended.

On July 17, 1968, the plaintiffs filed a motion for discovery, seeking production of specified documents relating to the purchase and development of the land sold to them and for the construction and financing of the house built on it, and also specified documents pertaining to Meredith Construction Company. Their motion was granted on that date. On October 24, 1968, the trial court entered an order providing that the documents were to be produced within 30 days. On January 12, 1970, the original plaintiffs having died, the present plaintiff was substituted, and he filed a petition for a rule to show cause for the defendants' failure to produce documents as previously ordered. On February 20, 1970, the trial court ordered that the defendants produce documents as provided in its order entered October 24, 1968. On April 23, 1970, the present plaintiff filed another petition for a rule to show cause, on which an order was entered May 14, 1970, calling for production of documents within 5 days. On July 7, 1970, the plaintiff moved to reinstate his petition of April 23, 1970, but the court denied his motion on the representation of the defendants that all documents requested had been produced. On August 5, 1970, the deposition of Norman M. Schlossberg was taken, pursuant to notice which again specified documents to be produced relating to the land, the house, and Meredith Construction Company. On January 1, 1971, Meredith Construction Company filed a counterclaim.

On September 28, 1972, the deposition of Norman M. Schlossberg was again taken, pursuant to notice which again called for the production of documents pertaining to the land and house and financial records relating to Meredith Construction Company. Mr. Schlossberg produced various items, one of which was a ledger book entitled "Meredith Construction Company" on its cover. It was marked Exhibit 16. Mr. Schlossberg was then questioned about some of the pages in the book. He identified them as records of money borrowed for the purchase of land and amounts later paid back by Meredith Construction Company. The attorney for the plaintiff then indicated that he wanted his secretary to make copies of the various pages comprising Exhibit 16. He also asked that the various sheets be individually marked by the court reporter, as Exhibits 17a, 17b, 17c, and so on. Mr. Schlossberg's attorney at this point said: "Wait a while, I am going to take this out," and took some of the pages out of the book and put them into his briefcase. The record then shows this colloquy:

"Mr. Lopez: I think the record ought to indicate that counsel is taking certain pages out of that Exhibit right now.

Mr. Haft: That's right.

Mr. Lopez: Pages which have been identified by Mr. Schlossberg as remaining, relating to the payments made for the land and made by Meredith Construction Company in this case.

Mr. Haft: Okay.

Mr. Lopez: Now, counsel, I call on you to bring those Exhibits back right now.

Mr. Haft: I will not bring them back.

Mr. Lopez: And I want you to let the court reporter mark those Exhibits. I want this to happen right now, counsel. Mr. Haft, are you going to produce those Exhibits?

Mr. Haft: I will produce them in Court."

Thereafter, on October 10, 1972, the plaintiff filed a petition setting forth the events which had taken place during the deposition and praying for an order striking the defendants' pleadings and for a rule to show cause. At the hearing on the petition, the plaintiff's attorney informed the court of the events that had occurred during the deposition and the refusal of Mr. Schlossberg's attorney to surrender the pages he had taken. Mr. Schlossberg's attorney said: "Your Honor, what counsel says is true." He explained: "So at the deposition I saw these put into that book and I hadn't seen them before. So I took them out of there. And this was the Exhibit 17 he wanted to see. I said: look, these things have got nothing to do with this case at all." The trial judge said: "May I see them?" A short discussion of the content of the pages then took place between Mr. Schlossberg's attorney and the trial judge. Mr. Schlossberg's attorney commented: "That has nothing to do with this law suit." The trial judge agreed: "I can't see where it does." The judge did not let the plaintiff's attorney see the papers.

The plaintiff's attorney explained that the complaint alleged that certain persons had got together and bought land as partners, and said: "These records indicate that they were partners. These were never produced at any time—" The trial judge responded: "I can't see any implication of where they were partners." After some discussion of the merits of the controversy and the history of the pleadings, the trial judge again said regarding the records withheld: "I don't see where they have any bearing." Again, when the plaintiff's attorney mentioned the disputed exhibit, the trial judge stated: "That has no bearing on this case at all." The plaintiff's attorney replied: "We think it goes right to heart of the case, your Honor. It shows the arrangements made between these people to buy this land." The judge responded: "It doesn't show that at all; it doesn't show anything like that." The plaintiff's attorney then quoted the comments that Mr. Schlossberg had made at his deposition regarding the papers that the trial judge was holding in his hands, and said: "All I am trying to do is. get to see those documents." The judge said to him: "No. They have nothing to do with the case."

At this point Mr. Schlossberg's attorney said: "Let's go to trial." It then

became evident that there was a misunderstanding as whether the case was to be tried on that day. The plaintiff's attorney said: "Your Honor, I called your secretary last Thursday and she told me this case was not scheduled to be tried today." The trial judge replied: "That is not so." The judge's secretary was then summoned, who explained: "I said it was taken from the no progress call." This exchange follows:

"The Court: Are you ready to go to trial today?

Mr. Lopez: I would have to get my witness, your Honor.

The Court: Are you ready to go to trial?

Mr. Lopez: I am not ready at this moment.

The Court: The case is dismissed.

Mr. Haft: With prejudice, your Honor?

The Court: With prejudice."

In the order of the trial court, entered that day, it was provided that the plaintiff's petition for discovery was denied and that the plaintiff's complaint was dismissed with prejudice.

Subsequently the plaintiff filed, within 30 days, a petition praying that the court vacate its order of dismissal and allow further discovery proceedings. The petition stated that the plaintiff's attorney had sent copies of his petition for discovery to the other attorneys of record 5 days before the hearing on October 10, 1972; that at the same time he had let the judge's secretary know he did not contemplate going to trial on October 10 because he planned further discovery; that he had thought that only his petition would be heard on that date; that when the case was called for trial he was taken by surprise; that he was not familiar with the practices of the courts in Wheaton, Illinois; and that neither the court nor any party could have been inconvenienced by granting the petition for discovery, continuing the case for trial, or simply allowing time for the plaintiff's first witness to get to the courthouse. The attorney for Meredith Construction Company filed a motion to strike and dismiss the plaintiff's petition, for failure to state facts legally sufficient to enable the court to grant the relief requested. On February 8, 1973, Meredith Construction Company's motion to strike was granted.

■■ It is the opinion of this court that the plaintiff's petition to compel discovery should not have been dismissed by the trial court on October 10, 1972. The ledger book had been produced and marked as an exhibit before the pages in dispute were retrieved from it by Mr. Schlossberg's attorney. The testimony of Mr. Schlossberg and the remarks of his attorney showed that the pages produced and then retrieved were financial records of Meredith Construction Company, which the plaintiff's notice of deposition had requested. The subsequent examination of those pages for relevancy by the trial court cannot be considered, because the pages

were not incorporated into the record so as to permit us to review the correctness of the trial court's determination. To hold otherwise would give the trial court's ruling a finality it cannot be allowed to have. The Illinois Supreme Court has indicated that a liberal position is to be taken on discovery of relevant and material evidentiary matter (*Monier v. Chamberlain,* 35 Ill.2d 351, 361), and that this includes not only what would be admissible at the trial but also that which might lead to what would be admissible at the trial. (*Krupp v. Chicago Transit Authority,* 8 Ill.2d 37, 41.) Accordingly we hold that denial of discovery of the pages which the plaintiff wanted to see was error.

■■ It is the opinion of this court, further, that the plaintiff's complaint should not have been dismissed for want of prosecution. Not only was the plaintiff entitled to the assistance of the court at that point in securing the production of additional documents, but also, after he had been substituted for the original plaintiffs he had made a number of attempts to compel discovery of documents, which, as it happened, were not immediately forthcoming. A complaint should not be dismissed for want of prosecution unless the plaintiff has been guilty of inexcusable delay. (See *Epley v. Epley,* 328 Ill. 582, 585.) We cannot find, from the record which is before us, that the plaintiff was guilty of inexcusable delay, or that he failed to prosecute his case with diligence.

■■ It is also our opinion that the plaintiff's petition to vacate the order of dismissal was sufficient for its purposes, and the defendants' motion to strike that petition should not have been granted by the trial court on February 8, 1973. The plaintiff's petition fully explained his not being ready for trial on October 10, and the court had further opportunity to review the pleadings and the history of the plaintiff's discovery efforts. A dismissal for want of prosecution should be set aside where a satisfactory explanation of the apparent delay has been given, there was not an intentional or wilful disregard of directions of the court, and it does not appear that a further postponement of a determination of the controversy on its merits would result in prejudice or hardship to any of the parties. (*McLaughlin v. McLaughlin,* 83 Ill.App.2d 160, 163.) We believe that granting the motion to strike, in the circumstances of this case, constituted an abuse of the trial court's discretion.

For the reasons stated herein, the orders of the Circuit Court of Du Page County are reversed and the case is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

RECHENMACHER, P. J., and T. MORAN, J., concur.