RAY L. SHERMAN, Plaintiff-Appellee, *v.* HARRIET SHERMAN, Defendant-Appellant.

Second District   No. 77-478

Opinion filed August 1, 1979.

Harriet Sherman, of Chicago, for appellant, *pro se.*

Ray Sherman, of Chicago, for appellee, *pro se.*

Mr. JUSTICE LINDBERG delivered the opinion of the court:

Defendant brings this appeal from orders dismissing her counter-claim for separate maintenance and denying her petition for temporary support during the pendency of the appeal.

Plaintiff, Ray Sherman, and defendant, Harriet Sherman, were married on June 24, 1950. On February 7, 1972, plaintiff filed a complaint for divorce charging mental cruelty. Defendant, acting *pro se*, denied the allegations and filed a counterclaim for separate maintenance based on desertion and adultery. The trial court entered a judgment of divorce in favor of plaintiff in March of 1974, and defendant appealed. We reversed and remanded for a new trial. *Sherman v. Sherman* (1976), 38 Ill. App. 3d 664, 348 N.E.2d 524, *appeal denied* (1976), 63 Ill. 2d 563.

After redocketing, defendant filed a number of petitions including one for "restitution and reimbursement" of assets allegedly disbursed under the reversed decree, one seeking to reduce to judgment arrearages in temporary alimony and one requiring plaintiff to execute a wage assignment under section 3 of "An Act in relation to married men and women" (Ill. Rev. Stat. 1975, ch. 68, par. 23.1). On December 6, 1976, Du Page Circuit Judge Lewis Morgan directed plaintiff to pay defendant $200 and set a hearing on defendant's motions for December 21. On December 10, defendant filed a motion for discovery seeking production of documents relating to plaintiff's financial affairs. Plaintiff's attorney withdrew on December 21 and the hearing was continued until January 19, 1977. No hearing was held on January 19 and on January 24 Judge Morgan set a pretrial conference for February 17 and ordered plaintiff to pay defendant $250 per month until discovery was completed. On February 15, defendant filed a motion requesting the court to rule on all pending petitions, including the one for restitution, wage assignment, arrearages and discovery. Several days later defendant moved for a writ of *ne exeat* and an injunction preventing plaintiff from filing for divorce in another jurisdiction. Judge Morgan issued the writ on February 18 and then recused himself due to allegations of prejudice. Defendant renewed her request for a ruling on all pending motions on February 25. On February 28, Judge William Black granted the injunction and deferred ruling on all other motions until March 10. No hearing was held on March 10 but on March 16 Judge Black dismissed plaintiff's divorce complaint with prejudice for failing to answer interrogatories submitted by defendant on February 10.

A hearing on defendant's counterclaim for separate maintenance was first scheduled for April 19. On April 4, Judge Black entered an order reducing to judgment $13,412 in past-due installments of temporary alimony. At the April 19 hearing, the matter was continued to allow plaintiff further opportunity to secure counsel and a hearing was set for

May 6. No hearing was held on May 6 and on May 13 Joseph Stiller was allowed leave to appear as defendant's attorney and the case was continued until May 27 for hearing on "all pending motions and petitions."

The May 27 hearing was conducted by Judge Robert Cox who had apparently been assigned the case that morning. When Judge Cox asked defendant if she was ready to proceed on her counterclaim for separate maintenance, defendant replied in the negative stating that she believed the only purpose of the hearing was to dispose of various discovery and other "pending" motions. Judge Cox indicated that while he would indeed rule on all pending matters he intended to hear the action for separate maintenance first. When defendant again stated that she was unprepared to proceed on the counterclaim without completing discovery, Judge Cox dismissed the counterclaim for want of prosecution. Defendant's petition to vacate the dismissal was denied on July 19 and notice of appeal was filed on August 16. On December 19 defendant filed a motion to continue temporary alimony during the pendency of the appeal. This motion was denied on January 6, 1978, and we allowed defendant leave to amend her notice of appeal to include this order.

Defendant first argues that the trial court erred in dismissing her counterclaim for want of prosecution and in denying her petition to vacate the dismissal. We agree. Four days after the case was redocketed, defendant filed a motion for discovery seeking production of documents relating to plaintiff's financial affairs. This motion was quickly followed by the issuance of interrogatories and subpoenas. The trial court never ruled on these discovery requests, however, despite two pleas that action be taken. Evidence of income and ability to pay are at the heart of an action for separate maintenance (*Scott v. Scott* (1970), 129 Ill. App. 2d 176, 262 N.E.2d 728; *Graham v. Graham* (1976), 44 Ill. App. 3d 519, 358 N.E.2d 308), and while we intimate no decision on the merits of this defendant's requests, at least she had a right to a ruling on them before being forced to trial. We have specifically held that it is error to dismiss for want of prosecution where the litigant has been actively and diligently pursuing discovery. *Polowick v. Meredith Construction Co.* (1975), 29 Ill. App. 3d 1092, 1097, 332 N.E.2d 17.

■■ ■ We share the trial court's concern for the protracted state of this litigation, yet we cannot say that responsibility for it lies entirely or even primarily with the defendant. A dismissal for want of prosecution should be set aside where a satisfactory explanation of the apparent delay has been given, where there was not an intentional or wilful disregard of directions of the court, and where it does not appear that a further postponement of a determination of the controversy on its merits would

result in prejudice or hardship to any of the parties. (*Polowick*, at 1097.) Defendant has explained that she was unprepared to proceed to trial on May 27 because she assumed the only purpose of the hearing was to consider all pending motions for discovery. That is not an altogether unreasonable assumption under the circumstances, and we conclude that the trial court's failure to vacate the dismissal was an abuse of discretion.

■■ Defendant next argues that the trial court erred in denying her petition for temporary support during the pendency of this appeal. Since the order appealed from was entered on January 6, 1978, the issue is governed by the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 101, *et seq.*). Under section 501(3), of the Act temporary maintenance terminates upon entry of a final judgment or upon dismissal of a petition for dissolution of marriage or legal separation. However, section 504(c) of the Act provides for maintenance on appeal:

> "The court may grant and enforce the payment of such money for equitable maintenance during the pendency of an appeal which is against the party receiving such equitable maintenance, as the court shall deem reasonable and proper." (Ill. Rev. Stat. 1977, ch. 40, par. 504(c).)

This language limiting maintenance to cases in which the appeal is taken against the party receiving maintenance is similar in effect to section 15 of the former divorce act which provided that the trial court could grant and enforce equitable alimony and fees for the *defense* of an appeal. (Ill. Rev. Stat. 1975, ch. 40, par. 16.)[1] While on its face section 15 might be thought to create a substantive right for fees and maintenance pending appeal, the cases interpreting this section make clear that it was only concerned with the *timing* of fees or maintenance to defend an appeal. Thus a prevailing party could apply to the trial court for a retroactive award of fees or maintenance regardless of whether he or she had defended or prosecuted the appeal. (*Bramson v. Bramson* (1958), 17 Ill. App. 2d 87, 149 N.E.2d 399; *Fox v. Fox* (1978), 56 Ill. App. 3d 446, 371 N.E.2d 1254; *McCarrel v. McCarrel* (1977), 48 Ill. App. 3d 666, 363 N.E.2d 198; see also Dienstag, *Attorney Fees for Services Rendered in the Prosecution or Defense of Appeal from Post-Decree Divorce Proceedings*, 1978 Ill. B.J. 568, 572.) In light of this history and of the language of Section 504(c) of the new act, we find that the defendant—as the party prosecuting this appeal—was not entitled to a prospective award of maintenance pending appeal.

■ Defendant apparently acknowledges that under the accepted interpretation of Illinois law she is not entitled to maintenance pending appeal. She argues, however, that such a result is an improper denial of

---

[1] In 1976, the Divorce Act was amended by Public Act 79-1360, and this provision of section 15 was specifically deleted.

her right to prosecute an appeal. As a general rule, the filing of a notice of appeal causes the jurisdiction of the reviewing court to attach instanter and deprives the trial court of further jurisdiction. (*Powers v. National Mirror Works* (1977), 52 Ill. App. 3d 592, 367 N.E.2d 763.) Thus absent an explicit statutory grant of authority, the trial court would be without jurisdiction to grant fees or maintenance pending appeal in a case such as this where notice of appeal was filed before maintenance on appeal was requested. *Zalduendo v. Zalduendo* (1977), 45 Ill. App. 3d 849, 360 N.E.2d 386; *Fox v. Fox* (1978), 56 Ill. App. 3d 446, 371 N.E.2d 1254.

In the case of the defense of an appeal, the legislature has for good reason provided for fees and maintenance. As explained in *Bramson v. Bramson* (1957), 17 Ill. App. 2d 87, 98, 149 N.E.2d 399, 404, the "obvious purpose" of such a provision is " '[t]o protect the spouse in whose favor a decree had been rendered from being subjected to the hardship of an appeal during which payments were suspended and expenses would be incurred in defending the litigation.' " That the legislature has not also provided a mechanism for securing prospective funds to prosecute an appeal is not arbitrary or unreasonable in light of this purpose of protecting the successful litigant. This is especially true considering the above discussed right of a prevailing party to retroactively seek fees and maintenance.

Accordingly, the judgment of the Circuit Court of Du Page County dismissing the counterclaim is reversed, the order denying the petition for maintenance pending appeal is affirmed, and this cause is remanded for further proceedings.

Affirmed in part, reversed in part and remanded.

NASH and WOODWARD, JJ., concur.