*In re* MARRIAGE OF THOMAS H. HANLON, Petitioner and Counterrespondent-Appellee, and FRANCES JEAN HANLON, Respondent and Counterpetitioner-Appellant.—(MARY LOU KEARNS, Counterrespondent.)

First District (5th Division)   No. 79-822

Opinion filed April 25, 1980.

C. Wallace Roth, of Chicago (Francis X. Riley, of counsel), for appellant.

No brief filed for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

In this appeal, respondent-counterpetitioner contends that the trial court erred in dismissing her counterclaim for want of prosecution and in granting petitioner-counterrespondent's motion for voluntary dismissal.

Thomas Hanlon (hereafter petitioner) filed a petition for dissolution of marriage, and his wife Frances Jean Hanlon (hereafter respondent) counterpetitioned for legal separation.[1]

An agreed order was entered requiring petitioner to pay respondent $1,320 per month in support (to be later reduced to $1,220) to make various specified supplemental payments to respondent for her law school education expenses, to reimburse respondent for medical expenses for her and their minor children, and to continue paying allowances to their three minor sons. Petitioner filed his response to the counterpetition, and a trial date was ultimately set for March 6, 1979.

On February 7, respondent petitioned to restrain petitioner from commencing a divorce action in another State and for rule to show cause on the basis of petitioner's alleged failure to make full payments as set forth in the agreed order. That same day, an order was entered reciting that petitioner agreed not to file a divorce action in any other State or county, and the trial date was then continued to April 2.

In the meantime, on the motion of an attorney appointed to represent the minor children of the parties, an order was entered on March 6 directing petitioner to resume payments and requiring him to make these payments to the clerk of the court. Respondent then petitioned for a rule to show cause, alleging petitioner's continued failure to comply with the agreed support order and, on March 15, an order was entered (1) setting a hearing on the rule for March 20; (2) granting petitioner leave to file his answer to the request for a bill of particulars; (3) granting respondent leave to file a petition for educational expenses; and (4) granting petitioner leave to file an answer thereto. On March 20, the hearing on the rule was continued to March 27, and an agreed order entered on that date reciting that respondent's petition for rule was being withdrawn in recognition of petitioner's subsequent payments and requiring petitioner to assume directly the educational expenses for two of the parties' daughters.

The matter was reset for trial on May 17, 1979. However, on April 27, respondent filed another petition for rule to show cause alleging the

---

[1] The counterpetition charges petitioner with adultery with Mary Lou Kearns, who was also named as a counterrespondent. No issues involving Kearns are before us in this appeal, however.

failure of petitioner to pay support, educational expenses, and certain of respondent's medical expenses. In this petition, respondent also requested that all pending matters be held in status quo for at least 60 days. That same day, petitioner moved to dismiss his pending petition for dissolution of marriage, and an order was entered setting both petitions for hearing on May 29 and directing that all discovery and other proceedings be held in status quo until that date.

On May 14, however, respondent moved for an immediate hearing on her petition and, on that date, an order was entered directing a writ of attachment to issue but staying the writ until May 18. On May 17, respondent filed objections to petitioner's motion to voluntarily dismiss his petition for dissolution and, on that same day, an order was entered stating, "upon motion of [petitioner], the court being fully advised in the premises it is ordered that the within cause be and it is hereby dismissed for want of prosecution as to all parties. Respondent's motion to place the counterpetition on the dormant call is denied." Respondent's motion to vacate the dismissal order was denied, and this appeal followed.

Opinion

Initially, we note that petitioner, as the appellee herein, has not filed a brief. With respect to such circumstances, the supreme court held in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493, *appeal after remand* (1977), 47 Ill. App. 3d 699, 365 N.E.2d 66, that a *pro forma* reversal would be inappropriate and that

"* * * if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief, the court of review should decide the merits of the appeal. In other cases if the appellant's brief demonstrates *prima facie* reversible error and the contentions of the brief find support in the record the judgment of the trial court may be reversed." (63 Ill. 2d 128, 133, 345 N.E.2d 493, 495.)

Bearing this in mind, we turn to the matters respondent raises in her brief. She first contends that the trial court erred in granting petitioner's motion for voluntary dismissal of his petition for dissolution of marriage. We note that while the order did not explicitly recite that the motion for voluntary dismissal was granted, it did state that the matter was before the court "upon motion of" petitioner. When read in the light of the fact that petitioner's motion for voluntary dismissal was pending at that time, it appears reasonable to conclude from the record that the trial court acted on the basis of this motion. As respondent points out, such motions are governed by section 52 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 52), which provides in relevant part:

"(1) The plaintiff may, at any time before trial or hearing begins,

upon notice to each party who has appeared or his attorney, and upon payment of costs, dismiss his action or any part thereof as to any defendant, without prejudice, by order filed in the cause. Thereafter he may dismiss, only on terms fixed by the court (a) upon filing a stipulation to that effect signed by the defendant, or (b) on motion specifying the ground for dismissal, which shall be supported by affidavit or other proof. After a counterclaim has been pleaded by a defendant no dismissal may be had as to him except by his consent."

Respondent argues that the dismissal was improper, and we agree for two reasons. First, we agree because petitioner failed to pay or offer to pay costs as required by the statute. In *Juen v. Juen* (1973), 12 Ill. App. 3d 284, 297 N.E.2d 633, the denial of a section 52 motion was upheld with the court stating: "There is no indication in the record that appellant paid or tendered the payment of costs. On this basis alone, her motion to dismiss was properly denied." (12 Ill. App. 3d 284, 287, 297 N.E.2d 633, 636.) In the case at bar, petitioner's motion to dismiss contains no offer to pay costs attributable to him, and the record is otherwise silent as to any offer to pay or actual payment on his part. Second, we feel the dismissal was improper because respondent had filed a counterpetition for legal separation and did not consent to the voluntary dismissal of her husband's petition. Section 52 requires the consent of the counterclaimant before a plaintiff may voluntarily dismiss his or her action, and the record is clear that respondent herein not only did not consent but, in fact, filed written objections to the motion for voluntary dismissal.

Respondent also contends that the trial court erred in dismissing her counterpetition for want of prosecution. Courts possess the inherent power to dismiss actions for want of prosecution (*Crawford v. Crawford* (1976), 39 Ill. App. 3d 457, 350 N.E.2d 103; *Bender v. Schallerer* (1973), 9 Ill. App. 3d 951, 293 N.E.2d 411), and a determination that there has been a lack of diligent prosecution warranting dismissal rests within the sound discretion of the trial court and should not be disturbed upon appeal unless the reviewing court finds an abuse of that discretion (*Bender v. Schallerer*; *Elward v. Mancuso Chevrolet, Inc.* (1970), 122 Ill. App. 2d 421, 259 N.E.2d 344). However, a dismissal for want of prosecution is error unless the party has been guilty of inexcusable delay in prosecuting the suit. *Crawford v. Crawford*; *Polowick v. Meredith Construction Co.* (1975), 29 Ill. App. 3d 1092, 332 N.E.2d 17; *Geraty v. Carbona Products Co.* (1973), 16 Ill. App. 3d 702, 306 N.E.2d 544.

Here, it appears from the record that respondent was quite diligent in this litigation, particularly for the period of approximately two months prior to the order of dismissal. Specifically, we note that on March 5 she appeared in response to the motion of the children's appointed counsel

for a rule on petitioner; on March 14, she presented a petition for educational expenses and a motion for leave to amend her counterpetition; on March 15, she appeared for a hearing on her petition and motion, as well as other matters; on March 20 and March 27, she appeared for hearings on her petition for a rule to show cause and, on the latter date, an agreed order was entered pertaining to petitioner's support and expense payments; on March 30, an order was entered on her motion setting the matter for trial on May 17; on April 27, she presented a petition for rule to show cause against petitioner and for an order holding all matters in status quo; on May 14, she filed an emergency motion on which an attachment order was entered; and on May 17 (the date of the dismissal order) she filed her written objections to petitioner's motion for voluntary dismissal. Such activity on respondent's part clearly negates "inexcusable delay" on her part. Moreover, we note that a hearing had been set for May 29 on petitioner's motion for voluntary dismissal and, on April 27, all discovery and other proceedings had been ordered to remain in status quo until that date. We find it difficult to understand why the trial court would dismiss respondent's cause for want of prosecution on May 27, since the matter was to be held in status quo until the scheduled hearing date of May 29. We therefore conclude that the trial court improperly dismissed respondent's petition for want of prosecution.

For the reasons stated above, the order granting petitioner's motion for voluntary dismissal of his petition for dissolution of marriage and dismissing respondent's counterpetition for legal separation is reversed, and this matter is remanded for further proceedings.

Reversed and remanded.

LORENZ and WILSON, JJ., concur.