CLARENCE WILLIAMS, Plaintiff-Appellee, *v.* JOLIET MASS TRANSIT SYSTEM *et al.*, Defendants-Appellants.

Third District   No. 82—673

Opinion filed May 31, 1983.

Stephen M. Masters, of Masters, Brumund, Belom, Jacobs & Stukel, of Joliet, for appellants.

Robert A. Shipley, of Gerald M. Sachs & Associates, Ltd., of Chicago, for appellee.

JUSTICE ALLOY delivered the opinion of the court:

The plaintiff, Clarence Williams, filed suit against the defendants, Joliet Mass Transit System, Fernando Jones and the city of Joliet, alleging personal injuries as a result of an automobile accident which occurred on or about December 1, 1978. The plaintiff's complaint, which sought judgment in the amount of $14,500, was filed on November 28, 1979. On December 27, 1979, the defendant, city of Joliet, filed a motion to dismiss the plaintiff's complaint, claiming that said complaint was insufficient at law. On January 2, 1980, the defendants, Joliet Mass Transit and Fernando Jones, filed a motion for an order to dismiss the plaintiff's complaint due to the plaintiff's failure to separate causes of action. On January 21, 1980, the defendants' motion to dismiss was granted. The plaintiff was given 28 days to file an amended complaint, which he failed to do.

On June 8, 1982, the defendants filed a motion requesting that the plaintiff's cause of action be dismissed with prejudice. On June 11, 1982, the plaintiff filed a motion for voluntary dismissal with leave to refile within one year, which was granted on July 6, 1982, pursuant to the provisions of the Illinois Civil Practice Act. The defendants filed a motion for rehearing of their motion to dismiss with prejudice. On September 20, 1982, an order was entered in the circuit court of Will County granting the plaintiff's motion for voluntary nonsuit and denying the defendants' motion to reconsider. The defendants appeal from the denial of the defendants' motion to dismiss the plaintiff's cause of action.

The defendants apparently base their argument that the motion for involuntary dismissal was wrongfully denied on the fact that the plaintiff's motion for voluntary dismissal was improperly granted. Consequently, the focus of their argument on appeal is the propriety of the granting of the plaintiff's motion for voluntary dismissal. In this regard the defendants raise several issues. The defendants assert that the granting of the motion was within the court's discretion and that the court abused that discretion in allowing a voluntary dismissal. The defendants also contend that the plaintiff had no right to a voluntary dismissal because he did not pay costs to the defendants.

■■ Voluntary dismissals are granted pursuant to section 52 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 52), now codified as section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1009), which provides in relevant part:

> "The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause. Thereafter the plaintiff may dismiss, only on terms fixed by the court (1) upon filing a stipulation to that effect signed by the defendant, or (2) on motion specifying the ground for dismissal, which shall be supported by affidavit or other proof. After a counterclaim has been pleaded by a defendant no dismissal may be had as to the defendant except by the defendant's consent."

Under the statute, a plaintiff has an absolute right, upon proper notice and payment of costs, to dismiss his action before a trial or hearing has begun. *Galowich v. Beech Aircraft Corp.* (1981), 93 Ill. App. 3d 690, 417 N.E.2d 673.

The defendants argue that the granting of the plaintiff's motion was within the court's discretion because a hearing had begun on the

defendants' motion for involuntary dismissal. However, there is no support in the record for the assertion that a hearing had been held. The plaintiff, therefore, had an absolute right, subject to payment of costs, to dismiss his action. The granting of the plaintiff's motion was not within the court's discretion.

As noted above, the right to a voluntary dismissal is contingent upon payment of costs. (*Juen v. Juen* (1973), 12 Ill. App. 3d 284, 297 N.E.2d 633.) The defendants contend that the plaintiff's motion was improperly granted because costs were not paid. However, the defendants have not included a report of proceedings or agreed statement of facts. It is the responsibility of the appellant to see that the record on appeal is complete. (*Abbey Plumbing & Heating, Inc. v. Brown* (1977), 47 Ill. App. 3d 719, 365 N.E.2d 115.) Absent an adequate record on appeal, it is presumed that the court's order conformed to the law and was based upon a sufficient factual basis. *Chicago City Bank & Trust Co. v. Wilson* (1980), 86 Ill. App. 3d 452, 407 N.E.2d 964.

■ The instant case is distinguishable from *Juen*. The record in *Juen* was silent as to whether the plaintiff either paid or tendered payment of the costs. (See also *In re Marriage of Hanlon* (1980), 83 Ill. App. 3d 629, 404 N.E.2d 873.) In the case at bar, there is no record from which we may discern whether costs were paid or tendered. We must presume therefore that the trial court's order granting the voluntary dismissal conformed to the requirements of section 52 and had a sufficient factual basis.

For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

Affirmed.

STOUDER, P.J., and SCOTT, J., concur.