136 Ill. App.3d 297 (1985)
483 N.E.2d 322
In re MARRIAGE OF JANET M. DAGUE (Schiff Hardin & Waite, Petitioner-Appellant,
v.
David J. Dague, Respondent-Appellee).
No. 83-2792.
Illinois Appellate Court  First District (3rd Division).
Opinion filed August 28, 1985.
*298 Schiff, Hardin & Waite, of Chicago, pro se (James T. Friedman, Dorene Marcus, and Todd M. Young, of counsel), for appellants.
No brief filed for appellee.
Reversed and remanded.
JUSTICE McGILLICUDDY delivered the opinion of the court:
Petitioner, Schiff Hardin & Waite, appeals from an order of the circuit court of Cook County dismissing a divorce action for want of prosecution and from an order denying petitioner's subsequent motion to vacate the dismissal order.[1] On May 27, 1981, Janet Dague filed an action for dissolution of her marriage to respondent, David Dague. The petitioner herein represented her in the dissolution proceedings. Janet Dague died in an automobile accident on June 11, 1983, while the dissolution proceedings were pending.
On June 15, 1983, petitioner filed a petition for attorney fees and costs. On June 16, the presiding judge transferred the petition to Judge Susan Ruffolo for further hearing. A status hearing was set for September 30, 1983. On June 17, respondent suggested the death of record of Janet Dague and moved to dismiss the case. On August 25, 1983, Judge Ruffolo denied respondent's motion to dismiss the case and set September 22, 1983, as a hearing date for the petition for attorney *299 fees. On September 16, respondent filed a motion to reconsider or for a rehearing on his motion to dismiss and petitioner filed a motion to strike respondent's motion for reconsideration and rehearing. Hearing on all the pending pleadings was set for October 11, 1983.
On September 30, petitioner failed to appear for the scheduled status hearing, and the case was dismissed for want of prosecution by the presiding judge. Petitioner's motion to vacate the dismissal was denied as was its motion to reconsider the denial of the motion to vacate the dismissal. Petitioner appeals, contending that (1) the court erred in dismissing the case for want of prosecution; (2) the court abused its discretion in refusing to vacate the dismissal for want of prosecution and (3) an attorney is a party in interest in an action for attorney fees in a dissolution action and thus has standing to reinstate such an action. We will address these issues simultaneously.
 1, 2 The determination that there has been a lack of diligent prosecution warranting dismissal is within the sound discretion of the trial court and should not be disturbed on appeal unless there has been an abuse of that discretion. (In re Marriage of Hanlon (1980), 83 Ill. App.3d 629, 404 N.E.2d 873.) Dismissal for want of prosecution, however, is error unless the party has been guilty of inexcusable delay in prosecuting the suit. (Crawford v. Crawford (1976), 39 Ill. App.3d 457, 350 N.E.2d 103; Polowick v. Meredith Construction Co. (1975), 29 Ill. App.3d 1092, 332 N.E.2d 17.) Moreover, a dismissal for want of prosecution should be set aside where a satisfactory explanation of the apparent delay has been given, there has been no intentional or wilful disregard of any directions of the court and it does not appear that further postponement of the controversy on its merits would result in prejudice or hardship to any of the parties. Polowick v. Meredith Construction Co. (1975), 29 Ill. App.3d 1092, 332 N.E.2d 17; see also Sherman v. Sherman (1979), 74 Ill. App.3d 451, 393 N.E.2d 67.
 3 Our examination of the record yields no indication of inexcusable delay. Indeed, petitioner's claim for attorney fees was filed four days after Janet Dague's death, and a hearing on the petition for fees had been set by Judge Ruffolo for October 11. At the hearings before the presiding judge on petitioner's motion to vacate the dismissal and subsequent motion to reconsider the denial of that motion, petitioner explained to the court that the case was pending before Judge Ruffolo. The court refused to reinstate the action on the basis that there was no party to reinstate it because the divorce action abated with Janet Dague's death.
*300  4 Petitioner, however, relying on Gilmore v. Gilmore (1979), 74 Ill. App.3d 831, 393 N.E.2d 33, contends that attorneys in a divorce proceeding are parties in interest in an action for attorney fees and have standing to pursue the action themselves. We agree that the holding in Gilmore renders unnecessary the participation of the spouse in a subsequent action for attorney fees. Further, while it is true that a dissolution proceeding abates with the death of one of the parties, the trial court retains jurisdiction to hear the issue of attorney fees and to enter an allowance for them even after the death. (Spiro v. Spiro (1970), 124 Ill. App.2d 254, 260 N.E.2d 332.) The hearing on the petition for attorney fees was thus properly pending before Judge Ruffolo, and the action should not have been dismissed.
For the foregoing reasons, the orders of the circuit court of Cook County are reversed and the cause is remanded for further proceedings.
Orders reversed; cause remanded.
WHITE, P.J., and McNAMARA, J., concur.
NOTES
[1] Although no appellee's brief has been filed, we are not precluded from reviewing this matter. First Capitol Mortgage Corp. v. Talandis Construction Corp. (1976), 63 Ill.2d 128, 345 N.E.2d 493.