WILLIAM McNEIL, Plaintiff-Appellant, v. ARTHUR BREWER, Defendant-Appellee.

Third District   No. 3—92—0595

Opinion filed March 19, 1993.

William McNeil, of Joliet, appellant *pro se.*

Roland W. Burris, Attorney General, of Springfield (Daniel N. Malato, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The *pro se* plaintiff, William McNeil, filed a medical malpractice suit against the defendant, Dr. Arthur Brewer. McNeil is an inmate at the Stateville Correctional Center and Dr. Brewer is the medical director of the facility. The trial court dismissed McNeil's complaint "for want of prosecution for plaintiff's failure to appear." McNeil appeals. We reverse and remand the cause for further proceedings consistent with this opinion.

The record shows that McNeil's complaint alleged that Dr. Brewer authorized and conducted infectious disease research and experiments through which McNeil contracted the hepatitis virus. The record also reveals that McNeil filed a "legal demand for court appearance" requesting that he be allowed to appear at a status call scheduled for July 24, 1992.

This request was not ruled on by the trial court, and on July 24, 1992, the court issued an order dismissing McNeil's medical malpractice claim. The court did not rule on the merits of McNeil's claim. Instead, it dismissed the claim because of McNeil's failure to appear.

On appeal, McNeil argues that the trial court erred in dismissing his claim. Specifically, he contends that the court was aware that he was a prisoner who could not be present at the status call unless the court provided for his appearance.

The dismissal of an action for want of prosecution is within the sound discretion of the trial court and should not be disturbed unless there has been an abuse of that discretion. However, it is error to dismiss where a satisfactory explanation of the delay has been given and there has been no intentional or willful disregard of any directions of the court. *In re Marriage of Dague* (1985), 136 Ill. App. 3d 297, 483 N.E.2d 322.

In the case at hand, the Attorney General's office concedes that the appropriate disposition of this case may be to remand for further consideration of McNeil's claim. We find that remand is appropriate. Here, McNeil was incarcerated at the time of the status call and

he had requested to be allowed to appear on that date. As such, the record clearly shows that McNeil had a satisfactory explanation for his failure to prosecute.

Although it concedes that perhaps the cause should be remanded, the Attorney General's office nonetheless argues in the alternative that this court should affirm the trial court's decision. Specifically, the Attorney General contends that the trial court could have dismissed McNeil's complaint for his failure to comply with section 2—622 of the Code of Civil Procedure (735 ILCS 5/2—622 (West 1992)).

■ We note that it is the duty of the trial court to determine whether the pleadings comply with the statute. We also note that non-compliance with the section in question does not automatically require the trial court to dismiss the claim with prejudice. The court is given discretion to dismiss based on the circumstances and facts of each case. See *Wasielewski v. Gilligan* (1989), 189 Ill. App. 3d 945, 546 N.E.2d 15.

Therefore, since this issue involves questions of fact for the trial court to decide, we decline to address the merits of the issue.

Accordingly, the judgment of the circuit court of Will County is reversed and the cause remanded for further proceedings consistent with this decision.

Reversed and remanded.

SLATER and BRESLIN, JJ., concur.