WILLIAM McNEIL, Plaintiff-Appellant, v. ARTHUR BREWER, Defendant-Appellee.

Third District   No. 3—98—0311

Opinion filed May 21, 1999.

William McNeil, of Pontiac, appellant *pro se.*

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Janon E. Fabiano, Assistant Attorney General, of counsel), for appellee.

JUSTICE HOMER delivered the opinion of the court:

The plaintiff, inmate William McNeil, filed a complaint against the defendant, Dr. Arthur Brewer, medical director of Stateville Correctional Center, alleging deliberate indifference to his medical needs in violation of the plaintiff's eighth amendment rights (U.S. Const., amend. VIII) (count I) and battery based on lack of informed consent to medical procedures (count II). The trial court dismissed the complaint with prejudice. The plaintiff appeals *pro se.* Following our careful review of the record, we affirm in part, reverse in part and remand.

## BACKGROUND AND PROCEDURAL CONTEXT

The plaintiff filed a *pro se* suit for medical malpractice in the circuit court after unsuccessfully presenting his case in federal court (see *McNeil v. United States*, 964 F.2d 647 (7th Cir. 1992); *McNeil v. United States*, No. 92—C—0339 (E.D. Ill. May 29, 1992)). The circuit court dismissed the malpractice suit for want of prosecution, and this

court reversed and remanded the cause for further proceedings. *McNeil v. Brewer*, 242 Ill. App. 3d 463, 610 N.E.2d 778 (1993). On remand, counsel entered his appearance and filed first, second and third amended complaints on the plaintiff's behalf.

The plaintiff's third amended complaint alleges that he has been incarcerated in Stateville Correctional Center since 1982. Upon entering Stateville, the plaintiff was tested and found not infected with the hepatitis B virus (HBV) or any other communicable disease. In March 1989, the plaintiff tested positive for HBV. Acccording to the complaint, in 1988 and 1989 the defendant conducted a study of the inmate population to determine the transmission rate of certain communicable viruses, including HBV and HIV. Pursuant to the study, blood samples were drawn from inmates upon intake and analyzed by the Center for Disease Control (CDC) for the presence of HBV and HIV. None of the participating inmates was informed that he was enrolled in the study and the plaintiff does not know whether he was enrolled in the study. The plaintiff alleges that the results of the study could and should have been used by the defendant to identify carriers of HBV and to protect inmates in the general population from contracting the virus. He contends that the defendant, knowing there was a substantial risk of harm to the plaintiff, failed to protect him and thereby displayed deliberate indifference to the plaintiff's medical needs in violation of his eighth amendment rights.

The defendant moved to dismiss the complaint on grounds that (1) the action was time-barred (735 ILCS 5/13—212 (West 1996)); (2) it failed to comply with pleading requirements of the Code of Civil Procedure (Code) for medical malpractice (735 ILCS 5/2—622 (West 1996)); and (3) it failed to allege that the defendant personally treated the plaintiff. The court granted the motion without stating the basis for its decision.

## ISSUES AND ANALYSIS

■ Because a dismissal deprives a litigant of his day in court, it has long been the rule in this state that "[a] trial court should dismiss a cause of action on the pleadings only if it is clearly apparent that no set of facts can be proven which will entitle a plaintiff to recover." *Burdinie v. Village of Glendale Heights*, 139 Ill. 2d 501, 504, 565 N.E.2d 654, 657 (1990). On review of a trial court's dismissal, this court must determine whether the complaint's well-pleaded allegations, viewed in the light most favorable to the plaintiff, sufficiently establish a cause of action for which relief may be granted. *Person v. Behnke*, 242 Ill. App. 3d 933, 611 N.E.2d 1350 (1993). In doing so, this court must take all well-pleaded facts in the challenged complaint as true. *Person*, 242 Ill. App. 3d 933, 611 N.E.2d 1350.

Applying the foregoing standard, this court conducts a *de novo* review. *Toombs v. City of Champaign*, 245 Ill. App. 3d 580, 615 N.E.2d 50 (1993). Because the order in this case does not give the trial court's reasons for dismissal, our review of the pleadings must proceed without the benefit of that court's rationale.

### A. Count I—Deliberate Indifference to Medical Needs

■ We first consider the plaintiff's claim of a constitutional deprivation. The eighth amendment to the United States Constitution, which prohibits the infliction of cruel and unusual punishment, has been held to require prison officials to ensure that inmates receive adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 50 L. Ed. 2d 251, 97 S. Ct. 285 (1976); *Farmer v. Brennan*, 511 U.S. 825, 128 L. Ed. 2d 811, 114 S. Ct. 1970 (1994). A prisoner's claim for deliberate indifference to medical needs may be stated by showing that (1) the defendant was responsible for the medical care of the prisoner; (2) the defendant knowingly and unreasonably disregarded an objectively intolerable risk of harm to the prisoner's health or safety; and (3) the prisoner suffered serious harm as a result. See *Franklin v. District of Columbia*, 163 F.3d 625, 635-36 (D.C. Cir. 1998); *Sanderfer v. Nichols*, 62 F.3d 151, 155 (6th Cir. 1995). An illustration of the *scienter* element appears in *Billman v. Indiana Department of Corrections*, 56 F.3d 785, 788 (7th Cir. 1995):

> "If [prison employees] place a prisoner in a cell that has a cobra, but they do not know that there is a cobra there (or even that there is a high probability that there is a cobra there), they are not guilty of deliberate indifference even if they should have known about the risk, that is, even if they were negligent—even grossly negligent or even reckless in the tort sense—in failing to know. [Citation.] But if they know that there is a cobra there or at least that there is a high probability of a cobra there, and do nothing, that is deliberate indifference."

The defendant contends that count I was properly dismissed with prejudice in this case because the plaintiff failed to allege facts showing that the defendant had a sufficiently culpable state of mind or that he personally performed any act that created a risk of substantial harm.[1] What the plaintiff has alleged, in essence, is that: (1) the defendant was responsible for the medical practices and policies at his place of incarceration; (2) the defendant conducted a secret study of the

---

[1] We note that the defendant has abandoned on appeal his arguments that the plaintiff's eighth amendment claim is time-barred and that he has failed to comply with the requirements of section 2—622 of the Code (735 ILCS 5/2—622 (West 1996)).

spread of certain serious infectious diseases, including HBV, within the prison community; (3) the defendant had access to information identifying infected inmates and was required by law to isolate such infected inmates (730 ILCS 5/3—8—2(c) (West 1996)); (4) the defendant knew that infected inmates were housed in the general population; (5) the defendant knew that there was a substantial risk of transmission of HBV by infected inmates in the general population; (6) the defendant deliberately ignored the medical information available to him in violation of his duty to minimize the risk of the plaintiff contracting HBV;[2] and (7) as a consequence of the defendant's deliberate indifference, the plaintiff was exposed to and contracted HBV.

█ In our opinion, these allegations if true, are sufficient to permit a trier of fact to find that the defendant knew about the "cobra in defendant's cell" and did nothing about it. The fact that the plaintiff cannot identify the exact source of his infection at this stage of the pleadings is not fatal, because the cause was dismissed before the defendant was required to answer or provide discovery. See *Billman*, 56 F.3d 785; see also *Smith-Bey v. Hospital Administrator*, 841 F.2d 751 (7th Cir. 1988). Until discovery is provided, it is difficult to see how the plaintiff can plead his claim with greater factual specificity.

We stress that to substantiate his eighth amendment claim, the plaintiff needs to establish more than that the defendant was negligent or that he "should have known" generally that HBV-infected prisoners resided in the prison's general population. See *Billman*, 56 F.3d 785. He must show that the defendant knowingly and unreasonably disregarded an objectively intolerable risk of harm to his health or safety resulting in serious harm to the plaintiff. *Franklin*, 163 F.3d 625.

We specifically note that we are rendering no opinion as to whether the evidence will support the plaintiff's claims in this instance. We hold only that count I of the third amended complaint is minimally sufficient to survive the defendant's motion to dismiss.

## B. Count II—Lack of Informed Consent

█ Our analysis of count II yields a contrary result. To state a claim for battery based upon a lack of informed consent to medical procedures, a plaintiff must allege a total lack of consent to a medical procedure involving an intentional unauthorized touching of the

---

[2]The plaintiff's allegation in the alternative that the defendant "fail[ed] to insure that inmates entering the general population at Stateville were adequately screened for the presence of the Hepatitis B virus" falls short of "deliberate indifference" for purposes of an eighth amendment claim. See *Billman*, 56 F.3d 785.

plaintiff's person by another. *Gaskin v. Goldwasser*, 166 Ill. App. 3d 996, 520 N.E.2d 1085 (1988). The elements of such a claim consist of (1) an intentional act on the part of the defendant; (2) a resulting offensive contact with the plaintiff's person; and (3) a lack of consent to the defendant's conduct. *Mink v. University of Chicago*, 460 F. Supp. 713 (N.D. Ill. 1978). An "offensive contact" may be established by proof that the defendant intended to cause the plaintiff, directly or indirectly, to come into contact with a foreign substance in a manner which the plaintiff would reasonably regard as offensive. *Mink*, 460 F. Supp. 713.

■ In this case, the plaintiff alleges that the defendant's decision to include the plaintiff in the CDC study without obtaining his informed consent constituted a battery. He further alleges that he became infected with HBV as a direct and proximate result of the defendant's conduct. However, he has not alleged an "offensive contact" with his person by or at the direction of the defendant; therefore, even viewing the complaint in the light most favorable to the plaintiff, his factual allegations fail to support the claim.

The drawing of blood by an unidentified person is the only arguably offensive physical contact committed by or at the direction of defendant. Although the plaintiff believes his blood may have been subjected to the CDC study, he has not alleged that the drawing of his blood was without his consent or that it caused him to contract HBV. If the plaintiff had claimed, for example, that he became infected from the needle used for drawing his blood for the CDC study, he might be able to state a cause of action on a medical battery theory. See *Mink*, 460 F. Supp. 713. But it is apparent that the injury alleged was not proximately caused by the drawing of his blood.

Thus, even were the plaintiff to discover that he contracted the HBV infection within the relevant limitations period (735 ILCS 5/13—212(a) (West 1996)), he has not stated an essential element of a cause of action for medical battery. Therefore, the plaintiff could not possibly prevail on count II, and the trial court did not err in granting the defendant's motion to dismiss count II with prejudice.

## CONCLUSION

For the reasons stated, we reverse the dismissal of count I of the plaintiff's complaint. We affirm the dismissal of count II, and we remand the cause for further proceedings.

Reversed in part and affirmed in part; cause remanded.

SLATER and BRESLIN, JJ., concur.